604 P.2d 1153

**Wynell E. GORDON, a single woman, Plaintiff/Appellant,**

v.

**Robert D. KRAMER, a single man, and Shirley Kramer, a single woman, Defendants/Appellees.**

**No. 2 CA–CIV 3263.**

Court of Appeals of Arizona, Division 2.

Oct. 25, 1979.

Rehearing Denied Dec. 12, 1979.

Review Denied Jan. 3, 1980.

---

Fred T. Scanlan, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair, by D. B. Udall, Tucson, for defendants/appellees.

## OPINION

**HOWARD, Judge.**

This is an appeal from a summary judgment. The sole issue is whether the guest statute of the State of Utah, Sec. 41–9–1, U.C.A.1953, precludes recovery in this personal injury action.[1] We conclude that it does not and reverse.

In July of 1975, the plaintiff and defendant Robert Kramer were residents of Arizona. The automobile involved in the accident was purchased by Robert Kramer for cash in North Dakota, however, it was registered in North Dakota in the name of his mother, defendant Shirley Kramer, who was, and is, a resident of North Dakota. Robert also paid for the automobile insurance which was issued in North Dakota.

Robert Kramer and another Arizona resident, Kathy Brown Estes, planned a vacation which started, and was to end, in Tucson. They went to Texas, Iowa, North Dakota, Wyoming and Utah. On August 15, 1975, they left Salt Lake City. En route to Tucson, near the town of Nephi, Utah, Robert fell asleep at the wheel. The car went into a ditch and plaintiff was injured. She stayed in a Utah hospital for approximately 1½ months. At the time of the filing of this action, plaintiff and defendant Robert

Kramer, were still residents of Arizona. Arizona has no guest statute, however, the trial court applying Utah law, ruled that plaintiff was barred from suing the defendants. This was clearly incorrect.

In conflict of laws cases, Arizona is committed to the principle that the local law of the state which has the most significant relationship with the occurrence and with the parties determines their rights and liabilities and follows the Restatement (Second) of Conflict of Laws. *Schwartz v. Schwartz*, 103 Ariz. 562, 447 P.2d 254 (1960); *Moore v. Montes*, 22 Ariz.App. 562, 529 P.2d 716 (1975).[2]

There are three sections of the Restatement which are applicable here. The first is Sec. 145 which states a principle applicable to all torts and to all issues in tort:

"(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contracts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue."

The second applicable section is Sec. 6 which is referred to in Sec. 145. It sets forth choice-influencing factors which a

---

1. This statute provides that a guest shall not have a right of recovery against the driver of a motor vehicle unless his injury was proximately caused by wilful misconduct or intoxication of the driver.

2. In general, see Annot. 29 A.L.R.3d 603 et seq.

**444**

court should consider in choosing the applicable law.[3]

"§ 6. Choice-of-Law Principles

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations, ·

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied."

The third, Sec. 146, deals specifically with personal injury actions. It states:

"In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied."

Comment *c* to Sec. 146 states:

"The law of this Section calls for application of the local law of the state where the injury occurred unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties. Whether there is such another state should be determined in the light of the choice-of-law principles stated in § 6. In large part, the answer to this question will depend upon whether some other state has a greater interest in the determination of

the particular issue than the state where the injury occurred. The extent of the interest of each of the potentially interested states should be determined on the basis, among other things, of the purpose sought to be achieved by their relevant local law rules and of the particular issue (see § 145, Comments *c–d* )."

As pointed out in Sec. 145, the contracts set forth under paragraph 2 of that section are to be evaluated according to their relative importance with respect to the particular issue. The problem is not resolved simply by the numerical weight of the contacts. It also should be pointed out, that we are not concerned here with the doctrine of forum non conveniens but rather with a choice-of-law problem. Defendants suggest that some weight be given to the fact that the accident was investigated in the State of Utah and plaintiff incurred sizable medical expenses in Utah. The comment to subsection (1) of Sec. 145 states that the principle stated in Sec. 6 underlying all rules of choice-of-law are used in evaluating the significance of a relationship, *with respect to the particular issue*, to the potentially interested states, the occurrence and the parties. The particular issue in this case is whether a guest can recover damages from his host. Investigation and the incurring of medical expenses in the State of Utah have no relevance to this particular issue. Defendants also suggest that we give significance to the fact that the mother is a North Dakota resident, the car was registered in North Dakota and covered by a policy of insurance issued in North Dakota. First of all, since we are concerned with a choice of law between Utah and Arizona, the North Dakota "contacts" are irrelevant. Furthermore, North Dakota has declared its guest statute unconstitutional. *Johnson v. Hassett*, 217 N.W.2d 771 (N.D. 1974).

We shall now analyze the facts of our case in terms of the choice-influencing factors set forth in Sec. 6. Interstate relationships in the federal system, including inter-

---

**3.** See Cheatham & Reese, Choice of the Applicable Law, 52 Columbia L.Rev. 959 (1952); Lef-

lar, Choice—Influencing Considerations and Conflicts Law, 41 N.Y.U.L.Rev. 267 (1966).

state travel by residents of various states will not be appreciably affected whichever law is applied. Certainty, predictability and uniformity of results are of particular importance in areas where the parties are likely to give advance thought to the legal consequences of their transactions, but since automobile accidents are not planned, these considerations are largely irrelevant. For the same reason, protection of justified expectations is of little importance.

As for ease in the determination of the law to be applied and its application, an Arizona court can apply Utah's law or its own with about equal ease.

The basic policies underlying the particular field of law are of particular importance in situations where the policies of the interested states are largely the same but where there are nevertheless minor differences between their local rules of law. In such instances, there is good reason for the court to apply the local law of the state which will best achieve the basic policy or policies underlying a particular field of law involved.[4]

The basic policy in the law of torts is to deter tortious conduct and provide compensation for the injured victim. This purpose is not furthered by guest statutes. Prosser, The Law of Torts, 4th ed. Sec. 34 at 187 (1971) remarks:

> "Such statutes have been the result of persistent and effective lobbying on the part of liability insurance companies. The chief argument advanced in support of them has been that in guest cases the insurer, who is required to pay the damages, is peculiarly exposed to collusion between the injured guest and a host anxious to see compensation paid, so long as he does not have to pay it—so that the truth does not come out in court, and there is a resulting increase in insurance rates. Essentially, however, the theory of the acts is that one who receives a gratuitous favor in the form of a free ride has no right to demand that his host shall exercise ordinary care not to injure him. The typical guest act case is that of

the driver who offers his friend a lift to the office or invites him out to dinner, negligently drives him into a collision, and fractures his skull—after which the driver and his insurance company take refuge in the statute, step out of the picture, and leave the guest to bear his own loss. If this is good social policy, it at least appears under a novel front."

Furthermore, in addition to North Dakota in *Johnson v. Hassett*, supra, other states have declared their guest statutes to be an unconstitutional denial of equal protection of the law. See *Brown v. Merlo*, 8 Cal.3d 855, 106 Cal.Rptr. 388, 506 P.2d 212 (1973); *Thompson v. Hagan*, 96 Idaho 19, 523 P.2d 1365 (1974); *Henry v. Bauder*, 213 Kan. 751, 518 P.2d 362 (1974); *Primes v. Tyler*, 43 Ohio St.2d 195, 331 N.E.2d 723 (1975); *Laakonen v. Eighth Judicial District Court*, 91 Nev. 506, 538 P.2d 574 (1975); *McGeehan v. Bunch*, 88 N.M. 308, 540 P.2d 238 (1975); *Nehring v. Russell*, 582 P.2d 67 (Wyo.1978). But see, *Justice v. Gatchell*, 325 A.2d 97 (Del.Supr.1974); *Delany v. Badame*, 49 Ill.2d 168, 274 N.E.2d 353 (1971); *Keasling v. Thompson*, 217 N.W.2d 687 (Iowa 1974); *Behrns v. Burke*, 229 N.W.2d 86 (S.D.1975); *Tisko v. Harrison*, 500 S.W.2d 565 (Tex.Civ. App.1973); *Cannon v. Oviatt*, 520 P.2d 883 (Utah 1974).

We are then left with two remaining factors, the relevant policies of the State of Arizona and the relevant policies of the State of Utah. In *Clark v. Clark*, 107 N.H. 351, 222 A.2d 205 (1966), the court stated:

> "The only reasons that have ever been given, or that Vermont could possibly have, for enactment of its guest statute are (1) to protect kindly hosts from ungrateful guests . . ., and (2) to protect liability insurance companies from suits brought by guests colluding with their hosts. [citation omitted]. Vermont's interests under its statute are in suits brought in its own courts affecting hosts, guests and insurance companies subject to its jurisdiction. Our primary interest arising out of our ordinary negli-

---

4. Leflar, supra, calls with factor "application of the better of law."

gence law correspondingly applies to suits in our courts affecting people and relationships with which we have a legitimate concern. That interest in this case is a real one." 222 A.2d at 209.

*Wessling v. Paris*, 417 S.W.2d 259 (Ky. App.1967) involved a suit brought in Kentucky by Kentucky residents for personal injuries sustained in an automobile accident which occurred in Indiana. Indiana had a guest statute. The court in analyzing the interests of Indiana and Kentucky stated:

"While it might be said that Indiana has a policy of protecting drivers on their highways from claims by passengers, surely this must extend no further than an interest in protecting Indiana residents or those who sue in Indiana courts. No highway safety problem is involved. In fact the State of Indiana has no interest whatsoever in this Kentucky lawsuit and it is hard to discern what interest a Kentucky court would be promoting by applying the Indiana law.

\* \* \* \* \* \*

An additional reason for this conclusion is that it has been held to be against the public policy of this state to enact legislation which undertakes to take away the right to recover for death resulting from negligence, or wrongful act amounting to anything less than an intentional act." 417 S.W.2d at 260–61.

In *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo.1969) which involved an accident in Indiana and a suit in Missouri by Missouri residents. The court stated:

"Indiana's only real interest is in requiring that Missouri residents comply with its standards of care for operation of motor vehicles on its highways. No interest of that state would be served by applying its guest law for the purpose of determining the host-guest relationship between these Missouri parties. On the other hand, Missouri has a real interest therein. The parties are residents of Missouri, made arrangements for the trip in Missouri, and traveled in a car licensed and garaged in Missouri. The whole relationship of the parties is centered in Mis-

souri. Our General Assembly has not adopted a guest statute to restrict the right of recovery by a guest from his host, thereby indicating that Missouri has a decided interest in having Missouri citizens who ride as passengers protected from negligent injury by Missouri hosts. Missouri has a greater concern than any other state in the relationships between its citizens. In a factual situation such as is here presented, a Missouri passenger, starting from Missouri on a trip with a Missouri host, should have a right of recovery if injured by negligence of his or her host regardless of where on that trip the negligence occurs. The question of negligence, as the various cases have indicated, should be determined by the law of the state where the tort occurs because that is the state with the dominant interest concerning that issue, but such right of recovery should not be limited or barred, depending on whether that state does or does not have a guest statute." 439 S.W.2d at 184–85.

Other courts in a factual situation similar to the one at bench, using the choice-influencing factors have held that the guest statute did not apply. *Schneider v. Nichols*, 280 Minn. 139, 158 N.W.2d 254 (1968); *Kopp v. Rechtzigel*, 273 Minn. 441, 141 N.W.2d 526 (1966); *Mullane v. Stavola*, 101 N.J.Super. 184, 243 A.2d 842 (1968); *Tooker v. Lopez*, 24 N.Y.2d 569, 301 N.Y.S.2d 503, 249 N.E.2d 394 (1969); *Macey v. Rozbicki*, 18 N.Y.2d 289, 274 N.Y.S.2d 591, 221 N.E.2d 380 (1966); *Babcock v. Jackson*, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963); *Kuchinic v. McCrory*, 422 Pa. 620, 222 A.2d 897 (1966); *Wilcox v. Wilcox*, 26 Wis.2d 617, 133 N.W.2d 408 (1965); *Woodward v. Stewart*, 104 R.I. 1290, 243 A.2d 917 (1968); *Mellk v. Sarahson*, 49 N.J. 226, 229 A.2d 625 (1967).

Defendants have cited four cases to support their position that the Utah guest statute should be applied under the facts of this case. We have examined these cases and find that they either have been impliedly overruled or support the opposite conclusion. *Dow v. Larrabee*, 107 N.H. 70, 217

A.2d 506 (1966) was decided before *Clark v. Clark*, supra, and its viability in light of the *Clark* case has been questioned. See, *Dindo v. Whitney*, 429 F.2d 25 (1st Cir. 1970). *Dym v. Gordon*, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965) has been overruled by *Tooker v. Lopez*, supra, according to *Rosenthal v. Warren*, 475 F.2d 438 (2nd Cir. 1973), cert. den. 414 U.S. 856, 94 S.Ct. 159, 38 L.Ed.2d 106. In *Gagne v. Berry*, 112 N.H. 125, 290 A.2d 624 (1972) all parties were residents of Massachusetts but the accident took place in New Hampshire. The automobile collision involved a car driven by a New Hampshire resident. The New Hampshire court refused to apply the Massachusetts guest statute since it would defeat New Hampshire's negligence laws by allowing negligent conduct to go undeterred. *Conklin v. Horner*, 38 Wis.2d 468, 157 N.W.2d 579 (1968) involved a situation similar to that in *Gagne v. Berry*, supra. In refusing to apply an Illinois guest statute the court stated that it was specially charged as an instrument of the Wisconsin government to further the interests of Wisconsin, if to do so furthered the underlying policies of Wisconsin law. To accept the Illinois guest law would be to accept a standard that gives sanction to wrongful conduct. The Wisconsin court refused to apply the Illinois law stating that its own law allowing the action was better law and that the Illinois law was "creed outworn".

In summary, the only connection that Utah has with this case is the fortuitous fact that the accident occurred in Utah. Application of the choice-of-law principle set forth in Sec. 6 of the Restatement demonstrates beyond any question that the State of Utah has no interest, let alone a substantial interest, in the occurrence and the parties. No highway safety problem is involved. Utah has no interest in protecting Arizona residents from suits brought in an Arizona court. Application of the Utah law would defeat the basic tort policies of the State of Arizona and sanction wrongful conduct.

Reversed and remanded for further proceedings.

RICHMOND, C. J., and HATHAWAY, J., concur.