# ALLEN CONNOR ET AL. *v.* LAURIE ANN HAUCH

[No. 161, September Term, 1981.]

*Decided December 3, 1981.*

The cause was argued before THOMPSON, MOORE and LISS, JJ.

*Eugene I. Glazer* for appellants.

*Edward J. Gorman, Jr.,* with whom was *W. Scott Sonntag* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

In this appeal from a summary judgment granted by the Circuit Court for Anne Arundel County, appellants contend principally that the workmen's compensation statute of Delaware should not bar a personal injury action against their fellow employee in Maryland under the doctrine of *lex loci delicti.* Maryland permits such suits between co-employees subject to workmen's compensation, Md. Ann. Code, Art. 101 (1957, 1979 Repl. Vol., 1981 Cum. Supp.),[1] but Delaware does not, 19 Del. Code §§ 2304 and 2363(a) (1977 Repl. Vol.), *Groves v. Marvel,* 213 A.2d 853 (Del.1965). For the reasons stated, we hold that the Delaware workmen's compensation law should not have been applied in this case. Accordingly, we shall reverse.

## I

Both appellants, Allen G. Connor and Carolyn McIntire, and the appellee, Laurie Ann Hauch, are residents of Maryland and employees of the Hertz Corporation, engaged in driving rental automobiles to the various locations which the company maintains. On February 6, 1980, appellee was driving appellants from Baltimore-Washington International Airport outside Baltimore, Maryland, to Dover, Delaware, to pick up rental cars for return to the airport. While traveling east on Route Two in Kent County, Delaware, their car collided with another vehicle, injuring appellants who were treated at a nearby hospital. Later, appellants filed for and were granted workmen's compensa-

---

1. The Maryland statute does not expressly permit suits by co-employees. Section 58, "When third party liable," allows the employee to "proceed either by law against that other person [who is legally liable] to recover damages or against the employer for compensation under this article, or in the case of joint tort-feasors against both; . . ." If the employer does not enforce the liability of that other person, the employee may do so, provided that if damages are recovered, the employer shall be reimbursed for compensation already paid. Although Maryland has never judicially ruled that co-employees may sue each other, that premise seems to be assumed in *Hutzell v. Boyer,* 252 Md. 227, 249 A.2d 449 (1969), wherein Judge Finan remarked that no previous cases dealt squarely with the question. *Id.* at 233.

tion under Maryland's statute — $29 per week for Mr. Connor and $49 per week for Miss McIntire, payment being made for approximately two months. They did not claim benefits under the Delaware statute. Appellants thereafter filed this action, charging negligence and seeking damages of one million dollars. Appellee moved for summary judgment which, after a hearing in chambers, was granted. This appeal followed.

## II

The court below found that because appellants' action against a co-employee was barred by the Delaware statute that makes workmen's compensation an exclusive remedy, the instant action was also barred under the doctrine of *lex loci delicti*. His conclusion was based on traditional tort law in Maryland as stated by the Court of Appeals in *White v. King,* 244 Md. 348, 223 A.2d 763 (1966):

> "This Court has consistently followed the rule that when an accident occurs in another state substantive rights of the parties, even though they are domiciled in Maryland, are to be determined by the law of the state in which the alleged tort took place." [2]

*Id.* at 352. While place of the injury may be a deciding factor in appropriate cases, the narrow issue here is whether the Delaware statute should bar this action by Maryland employees who have neither invoked the protection of nor received benefits under Delaware's compensation law. In our

---

2. Maryland is one of the dwindling number of jurisdictions that retain the rule of *lex loci,* which, when it has not been rejected outright, has been eroded and reshaped in most other states. R. Leflar, *American Conflicts Law* §§ 160, 161 (3d ed. 1977); R. Weintraub, *Commentary on the Conflict of Laws,* Torts, §§ 6.31, 6.32 (2d ed. 1980). *See generally* Larson, *"Conflict of Laws in Damage Suits Related to Workmen's Compensation Cases,"* 28 Mercer L.Rev. 497 (1977).

view, the doctrine of *lex loci delicti* is not necessarily determinative in workmen's compensation cases.[3]

We begin our analysis with the observation that actions by an employee against an employer, irrespective of the place of injury, have almost always been thwarted where "some applicable workmen's compensation act existed under which the employee could have claimed compensation." *Jonathan Woodner Co. v. Mather,* 210 F.2d 868, 873 (D.C.Cir.1954). The rationale is sometimes ambiguous, but the import is clear: "in an employee-employer suit, if *some* workmen's compensation act purports to bar the action, that bar will be applied in the forum." *Id.* at 873. (Emphasis added.) *See Wilson v. Faull,* 141 A.2d 768 (N.J.1958) and cases cited therein at 775. As Judge Wilner appropriately stated for this Court in *Keahey v. Dunagan,* 39 Md. App. 393, 386 A.2d 351, *cert. denied,* 283 Md. 734 (1978), where the employee applied for and received benefits under the California Workmen's Compensation Act following an accident in Maryland and was barred from prosecuting a tort action against the employer in this state: "Maryland must, and therefore does, recognize the exclusivity of the California workmen's compensation remedy, where, as here, that remedy was in fact available and utilized by the injured employee." [4] *Id.* at 400.

---

**3.** Larson in his treatise, 4 Workmen's Compensation Law § 86.10 enumerates six factors recognized in choice-of-law determinations as to the applicability *vel non* of a state compensation law. "... [t]hey are that the local state is the: (1) Place where the injury occurred; (2) Place of making the contract; (3) Place where the employment relation exists or is carried out; (4) Place where the industry is localized; (5) Place where the employee resides; or (6) Place whose statute the parties expressly adopted by contract. [*See, e.g.,* Kacur v. Employers Mutual Casualty Co., 253 Md. 500, 254 A.2d 156 (1969) (employee whose accident was in Maryland and who received benefits in Maryland also entitled to Pennsylvania benefits and insurer must pay under contract).] When one of these falls within the local state, and some or all of the others occur in another state, the question arises whether the local state can apply its statute without being accused of denying full faith and credit to the statute of the other. *As matters now stand, it seems quite clear that the state which was the locus of any one of the first three items — contract, injury or employment — and perhaps also of the next two — employee residence and business location — can constitutionally apply its statute if it wants to.*" (Emphasis added.) Quoted in M. Pressman, *Workmen's Compensation in Maryland* (2d ed.1977).

**4.** Thus, the application for and receipt of benefits under the California

The bar to employer-employee suits is grounded in the philosophy underlying workmen's compensation as the statutory exception to common law negligence. As stated in *Woodner, supra:*

> "The employer has incurred the burden of providing workmen's compensation insurance. The employee has foregone his right to sue the employer for negligence. But both have also gained. The employer has gained an immunity from common law suit. The employee has gained a right to relief even where his injury did not arise through the fault of his employer. The courts clearly consider that this system of mutual give and take would be upset if the employee could sue for negligence in another jurisdiction." 210 F.2d at 873-74.

The *Woodner* rationale underlies Section 184, Restatement (Second) *Conflict of Laws* (1971), "Abolition of Right of Action for Tort or Wrongful Death":

> "Recovery for tort . . . will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance . . . and under which (a) the plaintiff has obtained an award for the injury, or (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local law governs the contract of employment under the rules of §§ 187-188 and 196."

*See Busby v. Perini Corp.,* 290 A.2d 210 (R.I.1972).

---

Act barred the suit. Statutory reciprocity as required by Maryland Article 101, § 21(c)(4) is found in California Labor Code § 3600.5(b). In effect, this Court was unable to apply the Maryland compensation law as the law of *lex loci* because the statute decreed otherwise.

Turning to employees' suits against co-employees, the rationale of according immunity to employers as a *quid pro quo* for shouldering compensation liability is, of course, unavailable. Some state statutes, such as Delaware's, generally bar common-law actions by making workmen's compensation an exclusive remedy, 19 Del. Code § 2304. The rationale for this approach is analyzed in *Feitig v. Chalkley,* 38 S.E.2d 73 (Va.1946), which concludes by quoting Chief Justice Rugg in *Bresnahan v. Barre,* 190 N.E. 815, 817 (Mass. 1934):

> "One purpose of the Workmen's Compensation Act was to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer insured under the act, and *not to preserve for the benefit of ... those injured liabilities ... which but for the act would exist at common law." Id.* at 78. (Emphasis added.)

Maryland, however, is one of some dozen States which permit employees to pursue their common-law remedies against co-employees. There is no prohibition in the State statute; indeed, the cause of action is affirmatively recognized. Art. 101 § 58, n. 1, *supra. See generally,* 101 C.J.S. Workmen's Compensation § 985e. The rationale here is that "in the exchange for sure and swift compensation the worker has given up the right to sue his employer but not his fellow employee, because the fellow employee is not a party to such an agreement and has given up nothing in return for such an immunity." *Herbert v. Layman,* 218 A.2d 706, 709 (Vt.1966). Furthermore, in many cases, the employee cannot be made whole by compensation benefits alone. *Colarusso v. Mills,* 208 A.2d 381 (R.I.1965). In Larson's view, the underlying basis for permitting co-employees' actions is to let the ultimate loss fall on those responsible, after insuring some relief to the employee; the ultimate wrongdoer ought not to escape his obligation to pay full tort damages for the injury he caused. 2A Larson, *Workmen's Compensation* § 71.10 (1976).

Judicial interpretation of Maryland's policy regarding co-employees is scant. In the only decision of the Court of Appeals bearing on the subject,[5] the Court refused to apply the exclusivity provision of the Virginia Workmen's Compensation statute, Va. Ann. Code, § 65.1-40 (1980 Repl. Vol.), which covered both co-employees, to bar the negligence action. *Hutzell v. Boyer,* 252 Md. 227, 249 A.2d 449 (1969). Judge Finan, writing for the Court, suggested three bases for his decision: 1) Maryland public policy, 2) the plaintiff's application for Maryland compensation benefits, but not Virginia's, and 3) *lex loci delicti.* In our reading of the opinion, primary significance was attached to the first of these, namely, that allowing Virginia law to bar the suit would be "obnoxious" to Maryland's public policy.[6]

The Court rejected out of hand the case of *Stacy v. Greenberg,* 88 A.2d 619 (1952), in which the Supreme Court of New Jersey applied the exclusivity provision of the New York compensation law to bar a co-employee suit in New Jersey, the place of the accident. Judge Brennan, now Mr. Justice Brennan, declared such a result was not obnoxious to any public policy of the State of New Jersey, noting that the accident happened while the co-employees were passing through the State and that they had both received compensation benefits from New York. Judge Finan stated that while the New Jersey Court found it not obnoxious to that

---

**5.** In a case in the U. S. District Court of Maryland, *Wilson v. Fraser,* 353 F.Supp. 1 (1973), cited by appellees, the widows of two co-employees applied for and received survivor's benefits from the Workmen's Compensation Commission of Maryland. The federal court relied on *Harford Mutual Insurance Co. v. Bruchey,* 248 Md. 669, 238 A.2d 115 (1968) and *White v. King,* 244 Md. 348, 223 A.2d 763 (1966), in holding that Virginia's compensation law, under which both widows were eligible for benefits, barred a wrongful death action. Both cases relied on, however, did not involve workmen's compensation — *Harford Mutual* was an action for loss of consortium and *White* applied the Michigan guest statute. In any case a federal district court decision is not binding upon this Court.

**6.** In refusing to apply Virginia law, the Court of Appeals pointed out that Boyer had tried to invoke the benefits of the Maryland compensation law. "It is also significant that the plaintiff [Boyer] did not file any workmen's compensation claim with the equivalent agency in Virginia." *Id.* at 232. Judge Finan remarked that "viewing this suit as a tort action, uncomplicated by any consideration of the impact of divergent workmen's compensation statutes, the law in this State is clear, that the principle of *lex loci* prevails. . . ." *Id.* at 233.

state's public policy to apply the "full faith and credit" [7] of the New York statute, "we are unable to make a similar finding with regard to the Virginia statute and the public policy of Maryland." *Hutzell, supra* at 236.

Thus, the *Hutzell* Court made a deliberate choice on policy grounds not to allow the bar of the Virginia statute to defeat a common-law action in Maryland by one employee against another. In that light, allowing the Delaware statute to defeat the present action would be obnoxious to the public policy of Maryland.

An additional factor militating against the application of the Delaware statute in this case is that both plaintiffs received Maryland compensation benefits, thereby choosing this State's protective scheme. *Jonathan Woodner Co. v. Mather, supra* at 232. *See McKenney v. Capitol Crane Corp.,* 321 F.Supp. 880 (D.C.Cir.1971), and *Thomas v. Hycon, Inc.,* 244 F.Supp. 151 (D.C.Cir. 1965). While they are not excluded from filing for Delaware benefits, 19 Del. Code, § 2303(b),[8] *see Wood v. Aetna Casualty and Surety Co.,* 260 Md. 651, 273 A.2d 125 (1971), they have not done so, and thus have not brought themselves under its provisions. Their action in this case is not concerned with the workmen's compensation law of Delaware. As far as Delaware is concerned, the parties had an accident within her borders and were briefly detained there for medical treatment. Under these conditions, "the ability to maintain a tort action [should] not turn solely on the fortuitous circumstance of

---

7. In the wake of *Carroll v. Lanza,* 349 U.S. 408 (1955), whether to enforce a bar imposed by a sister state may be decided free of constitutional compulsion. 3 Larson, *supra,* § 88.20.

8. The section reads:

"...

(b) The payment or award of benefits under the workmen's compensation law of another state, territory, province or foreign nation to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this chapter shall not be a bar to a claim for benefits under this chapter, provided that claim under this chapter is filed within 2 years after such injury or death."

where the accident takes place." *Saharceski v. Marcure,* 366 N.E.2d 1245, 1249 (Mass.1977).

To allow Delaware's compensation law to bar a negligence action by these co-employees would, as appellants contend, mean that Maryland employees who travel on business may lose the potential benefit of the State statute allowing suits between co-employees whenever they leave the State. We do not think the Maryland Legislature meant to cut off this right of action at the State border.[9] The question of which law would apply if the appellants had also sought Delaware compensation benefits is not before us. All we hold is that appellee may not rely on the statutory bar of 19 Del. Code § 2363(a) to defeat appellants' negligence action where application of the Delaware law would contravene the public policy of Maryland and where all concerned have invoked the protection of the Maryland Act.

The motion for summary judgment was improperly granted and the cause should proceed to trial.

> *Judgment reversed; case remanded for proceedings consistent with this opinion; costs to be paid by appellee.*

---

**9.** The Maryland Legislature's intent is clear in the case of the wrongful death statute, under which the law of the place of death applies, Cts. & Jud. Proc. § 3-903 (1980 Repl. Vol.).