735 P.2d 143

**Fidel FARIAS, on Behalf of himself, and as father of Julio Farias, and as Personal Representative of the Estate of his minor son, (Alfredo) Julio Farias; Rosalba Farias, individually and as wife of Fidel Farias and mother of Julio Farias; Carmeline Farias, Gregorio Farias, Farrah Marie Farias, individually and as brother and sisters of Julio Farias, Plaintiffs/Appellants,**

**v.**

**MATTEL, INC.; Ringling Bros. & Barnum & Bailey Combined Shows, Inc.; Irvin Feld; Kenneth Feld; Robert Hannigan; Allan J. Bloom; Earl L. Duryea; Bob MacDougall; et al., Defendants/Appellees.**

**Fidel FARIAS, on Behalf of himself, and as father of Julio Farias, and as Personal Representative of the Estate of his minor son (Alfredo) Julio Farias; Rosalba Farias, individually and as wife of Fidel Farias and mother of Julio Farias; Carmeline Farias, Gregorio Farias, Farrah Marie Farias, individually and as brother and sisters of Julio Farias, Plaintiffs/Appellants,**

**v.**

**The CITY OF TUCSON, Tucson Community Center and Albert L. Freitchen, Defendants/Appellees.**

**No. 2 CA-CIV 5635.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 25, 1986.

Reconsideration Denied Dec. 29, 1986.

Review Denied March 24, 1987.

Law Office of John F. Day by John F. Day and Russell A. Brown, Phoenix, for plaintiffs/appellants.

Fennemore, Craig, von Ammon, Udall & Powers by R.C. Mitten, William T. Burghart and June E. Fisher, Phoenix, for defendants/appellees MacDougall, Zajda, Feld, Freitchen, City of Tucson and Tucson Community Center.

Moore, Long & Lester by Steven C. Lester, Phoenix, for defendant/appellee Ringling Bros.

## OPINION

LIVERMORE, Presiding Judge.

This appeal primarily involves the issue whether Arizona or Florida workers' compensation laws should apply to Florida resident employees of a Florida circus when their claim arises out of an incident occurring in Arizona while the circus was performing here. We agree with the trial court that on the facts of this case Florida law should apply and therefore affirm the judgments below.

Julio Farias, a member of the trapeze act "The Flying Farias," fell to his death on June 25, 1980 while practicing before an evening performance of the Ringling Brothers Circus in Tucson. The fall was witnessed by his father, brother, and sister. Suit was brought by the family against Ringling Brothers, its president and two of its employees, the City of Tucson, the Tucson Community Center and one of its employees, and other parties not involved in this appeal. In an earlier proceeding we held that the Fariases were employees of Ringling Brothers and dismissed claims brought by them against Ringling Brothers except for those claims preserved because of an allegation that Ringling Brothers had not complied with A.R.S. § 23–906(E) by posting notice that an employee could opt out of the compensation system. *Ringling Bros. & Barnum & Bailey Combined Shows, Inc. v. Superior Court,* 140 Ariz. 38, 680 P.2d 174 (App.1983). At issue now is whether Arizona or Florida compensation law should apply to those claims. Florida law forbids suits against co-employees and does not provide that employees may opt out of the system. Arizona law in 1980 differed in both respects.

The prevailing view is stated in 4 A. Larson, Workmen's Compensation Law § 88.11 (1986):

It is generally held that, if a damage suit is brought in the forum state by the employee against the employer or statutory employer, the forum state will enforce the bar created by the exclusive-remedy statute of a state that is liable for workmen's compensation as the state of employment relation, contract, or injury. Thus, although the local state might, under the rules discussed in the preceding three sections, give the affirmative benefit of its own compensation act as to this employee, thereby asserting its right to apply its own statute to the exclusion of the foreign statute, it does not follow that the foreign statute will be disregarded when the employee is trying to get out of the compensation system altogether and back into the common-law damage system. In other words, the local state

may reserve the right to apply its own statute in order to ensure that its benefits are conferred on the employee, for when it does this, no irremediable harm can possibly ensue to either of the parties. This refusal to limit the employee to the affirmative benefits of the foreign compensation act hurts no one, for if rights exist thereunder they are now no less enforceable in the foreign state after the first award than before. But if the defenses created by the foreign state are not enforced, irremediable harm to the employer is the result. Because of this distinction, then, a foreign exclusive-remedy defense to common-law suit against the employer will usually be honored although, on the same facts, the benefits of the foreign act would be required to give way to the benefits of the local act, if the employee chose to pursue his compensation rights locally.

Thus, the fact that the Fariases were entitled to seek compensation under Arizona law is irrelevant in determining which law governs the right to pursue common law remedies.

This same result obtains under ordinary choice of law principles. Our courts have held, in circumstances such as this, that the dominant interest is in the state that is the residence of the parties rather than in the state that is the location of the negligent conduct and the injury. *Bryant v. Silverman*, 146 Ariz. 41, 703 P.2d 1190 (1985); *Gordon v. Kramer*, 124 Ariz. 442, 604 P.2d 1153 (App.1979). While it is true that these cases lead to applying a more liberal Arizona law, they announce a neutral principle. Both in terms of compensation of an injured party and controlling tortious behavior, the state of residence of the parties has the most significant interest. That seems particularly true on the facts of this case where Florida resident plaintiffs, who have in the past accepted unemployment and compensation benefits in Florida, seek to apply unique Arizona law to a corporation whose circus activities are centered in Florida. There appears no compelling Arizona interest in allowing non-residents to opt out of the compensation system during the few days each year that they may be employed in Arizona nor is there any interest in allowing a non-resident employee to sue a non-resident fellow employee when Arizona has already rejected that law. See generally Restatement (Second) of Conflict of Laws §§ 6, 145, 184 (1971).[1]

We have examined the record and find no evidence of negligence by the City of Tucson, the Tucson Community Center, or its employee. Summary judgment, therefore, was properly granted in favor of those defendants.

The judgments and orders of the trial court are affirmed.

HATHAWAY, C.J., and LACAGNINA, J., concur.

---

1. We note, only to reject, several other claims by appellants. We did not decide in our prior opinion in this case that Arizona law applied. We decided that no claim was stated by employees under Arizona law absent an allegation of non-compliance with A.R.S. § 23–906(E). A.R.S. § 23–902(A), giving Arizona jurisdiction over a compensation claim of a person injured within the state, is not a directive that Arizona law be applied on the facts of this case within the meaning of Restatement (Second) of Conflict of Laws § 6 (1971). We note also that Mr. Feld, the president of Ringling Brothers, was entitled to summary judgment because of the absence of any evidence of negligence by him.