Terry L. **REID**, Appellant,

v.

Audrey **HANSEN**, Individually and as Executor of the Estate of Arne Hansen d/b/a Arne R. Hansen Van & Storage; a/d/b/a Busy Bee Van & Storage Company; a/d/b/a Holiday Van & Storage; a/d/b/a Safeway Moving & Storage Company, Appellees.

No. 88–1177.

Supreme Court of Iowa.

May 17, 1989.

Jacob J. Peters of The Peters Law Firm, P.C., Council Bluffs, for appellant.

John E. Orrell, Jr., of Hopkins & Huebner, P.C., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO and NEUMAN, JJ.

CARTER, Justice.

Plaintiff, Terry L. Reid, appeals from an order granting summary judgment for defendant Audrey Hansen, the personal representative of plaintiff's employer, in an action brought under Iowa Code section 87.21 (1987). Plaintiff is a resident of Nebraska who was injured while working in Iowa. After considering the arguments of the parties, we conclude that the failure of plaintiff's employer to insure against liability under the Iowa workers' compensation laws creates a right to sue in tort under section 87.21. Because genuine issues of fact remain as to the claims in that action, we reverse the district court's grant of summary judgment.

The trial court based its ruling on the following facts which were not controverted for purposes of the summary judgment motion. Plaintiff was a resident of Omaha, Nebraska. He was employed by Arne R. Hansen, now deceased, whose personal representative is the defendant in this action. Arne Hansen owned and operated several moving and storage businesses as a sole proprietor. One of these enterprises was known as Safeway Moving and Storage Company (Safeway) with its principal place of business in Omaha.

On September 10, 1985, plaintiff was working as a mover for Safeway in Council Bluffs, Iowa, when he injured his back and legs while carrying a piano. He applied for and received benefits under the Nebraska workers' compensation laws. More than twelve months later, plaintiff filed an application with the Iowa Industrial Commissioner seeking benefits under the Iowa workers' compensation laws. On July 28, 1987, plaintiff received a letter from Safeway's insurance carrier stating that Safeway was not insured against claims under the Iowa workers' compensation laws.

Plaintiff then withdrew his claim for benefits under the Iowa workers' compensation laws and commenced a tort action pursuant to section 87.21. Arne Hansen's personal representative, as defendant in that action, moved for summary judgment on the following grounds:

    (1) failure to state a claim upon which any relief can be granted;

    (2) common-law theories of election of remedies;

    (3) the exclusive remedy provisions of Iowa Code section 85.20 (1987); and

(4) the exclusive remedy provisions of Nebraska Revised Statute section 48–111 (1986).

The district court granted defendant's motion for summary judgment on the basis that plaintiff's employer, having provided workers' compensation insurance in the state of Safeway's principal place of business, was not guilty of the omission necessary to permit an action under section 87.-21. On appeal, defendant urges that the ruling should be upheld on that ground and, in the alternative, seeks to save the judgment on the other theories urged in the motion for summary judgment.

### I. *Failure to Insure Under Iowa Code Section 87.21 (1987).*

■ Plaintiff's action is based on the provisions of Iowa Code section 87.21 which provides:

Any employer, except an employer with respect to an exempt employee under section 85.1, who has failed to insure the employer's liability in one of the ways provided in this chapter, unless relieved from carrying such insurance as provided in section 87.11, is liable to an employee for a personal injury in the course of and arising out of the employment, and the employee may enforce the liability by an action at law for damages, or may collect compensation as provided in chapters 85, 85A, 85B, and 86. In actions by the employee for damages under this section, the following rules apply:

1. It shall be presumed:

*a.* That the injury to the employee was the direct result and growing out of the negligence of the employer.

*b.* That such negligence was the proximate cause of the injury.

2. The burden of proof shall rest upon the employer to rebut the presumption of negligence, and the employer shall not be permitted to plead or rely upon any defense of the common law, including the defenses of contributory negligence, assumption of risk and the fellow servant rule.

3. In an action at law for damages the parties have a right to trial by jury. Iowa Code § 87.21 (1987).

The district court concluded that plaintiff has no right to sue in tort under section 87.21 because his employer had insured against its workers' compensation liability in Nebraska where it had its principal place of business. The defendant urges us to uphold the district court's order on that theory. We are unable to interpret section 87.21 in a manner which permits that result.

Section 87.21 pertains to the failure of an employer to insure against liability under the Iowa workers' compensation laws. Consequently, the requirements of the statute are not satisfied by insuring against workers' compensation liability in another state. The granting of summary judgment cannot be upheld on the ground relied on by the district court.

### II. *Election of Remedies.*

■ Defendant urges that there are other grounds available for upholding the judgment of the district court. As the first of these contentions, it is urged that summary judgment may properly be upheld under the doctrine of election of remedies. We disagree with that contention. In order for the defense of election of remedies to be available, three elements must be established: (1) the existence of two or more remedies, (2) an inconsistency between them, and (3) a choice of one of the remedies. *Parks v. City of Marshalltown*, 440 N.W.2d 377, 379 (Iowa 1989); *First Sec. Bank of Brookfield v. McClain*, 403 N.W. 2d 788, 790 (Iowa 1987); 25 Am.Jur.2d *Election of Remedies* § 11, at 653 (1966). It is clear that under Iowa law the acceptance of workers' compensation benefits in another state does not constitute an election of remedies barring a later attempt to seek additional workers' compensation benefits under the Iowa statutes. *George H. Wentz, Inc. v. Sabasta*, 337 N.W.2d 495, 498–99 (Iowa 1983). If the election to seek benefits under the Nebraska compensation act does not preclude a later claim for Iowa compensation benefits, there is, we believe, also no preclusion against seeking the an-

cillary consequences of Iowa benefit entitlement, *i.e.*, the right to bring a tort action against an uninsured employer.[1]

### III. *The Exclusive Remedy Provision of Iowa Code Section 85.20 (1987).*

Defendant urges that the district court's order may be upheld based on the exclusive remedy provisions of Iowa Code section 85.20. We find no merit in that contention. That statute does not purport to bar an action where the employer's uninsured status triggers a right to sue under section 87.21. Indeed, to so hold would render the right-to-sue provisions of section 87.21 meaningless.

### IV. *Exclusive Remedy Provisions of Nebraska Revised Statute Section 48–111 (1986).*

■ Finally, we consider defendant's contention that the granting of summary judgment should be upheld based on the exclusive remedy provisions of the Nebraska workers' compensation laws. The applicable statute reads as follows:

> Such agreement or the election provided for in section 48–112 shall be a surrender by the parties thereto of their rights to any other method, form, or amount of compensation or determination thereof than as provided in the Nebraska Workers' Compensation Act, and an acceptance of all the provisions of such act, and shall bind the employee himself or herself, and for compensation for his or her death shall bind his or her legal representatives, his or her surviving spouse and next of kin, as well as the employer....

Neb.Rev.Stat. § 48–111(1986).

Some support for defendant's contention is found in Restatement (Second) of Conflict of Laws section 184 (1971). That section provides:

> Recovery for tort ... will not be permitted in any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which
>
> (a) the plaintiff has obtained an award for the injury, or
>
> (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local law governs the contract of employment under the rules of §§ 187–188 and 196.

Restatement (Second) of Conflict of Laws § 184 (1971). Comment *b* accompanying this section of the Restatement provides:

> It is thought unfair that a person who is required to provide insurance against a risk under the workmen's compensation statute of one state which gives him immunity from liability for tort or wrongful death should not enjoy that immunity in a suit brought in other states. Also to deny a person the immunity granted him by a workmen's compensation statute of a given state would frustrate the efforts of that state to restrict the cost of industrial accidents and to afford a fair basis for predicting what these costs will be.

Also relevant to this inquiry is comment *c* to section 183 of the Restatement:

> The grant of two or more awards to an injured employee is not repugnant to the basic principle of workmen's compensation which is to impose absolute but limited liability on the employer. For a State, on the other hand, to subject a person who has been held liable in workmen's compensation to further unlimited liability in tort or wrongful death would frustrate the workmen's compensation policy of the State in which the award was rendered.

In discussing this issue, a leading commentator has observed:

> It is generally held that, if a damage suit is brought in the forum state by the employee against the employer ..., the

---

1. Of course, any amounts awarded plaintiff in an action pursuant to § 87.21 would be subject to *pro tanto* reduction for amounts received under the Nebraska workers' compensation laws.

forum state will enforce the bar created by the exclusive-remedy statute of a state that is liable for workmen's compensation as the state of employment relation, contract, or injury. Thus, although the local state might, under the rules discussed in the preceding three sections, give the affirmative benefit of its own compensation act as to this employee, thereby asserting its right to apply its own statute to the exclusion of the foreign statute, it does not follow that the foreign statute will be disregarded when the employee is trying to get out of the compensation system altogether and back into the common-law damage system. In other words, the local state may reserve the right to apply its own statute in order to ensure that its *benefits* are conferred on the employee, for when it does this, no irremediable harm can possibly ensue to either of the parties. This refusal to limit the employee to the affirmative benefits of the foreign compensation act hurts no one, for if rights exist thereunder they are now no less enforceable in the foreign state after the first award than before. But if the defenses created by the foreign state are not enforced, irremediable harm to the employer is the result. Because of this distinction, then, a foreign exclusive-remedy defense to common-law suit against the employer will usually be honored although, on the same facts, the benefits of the foreign act would be required to give way to the benefits of the local act, if the employee chose to pursue his compensation rights locally.

4 A. Larson, . *Workmen's Compensation Law* § 88.11, at 16–133 (1988) (footnotes omitted).

The view presented in the Restatement and the *Larson* treatise was followed in *Farias v. Mattel, Inc.*, 153 Ariz. 113, 735 P.2d 143 (1986). In that case, a trapeze artist employed by a Florida circus fell to his death while performing in Arizona. The employer had not obtained workers' compensation coverage in Arizona. Plaintiff, decedent's estate, accepted Florida compensation benefits, then instituted a tort action against the employer in Arizona.

Citing the *Larson* treatise and section 184 of the Restatement, the Arizona Supreme Court affirmed judgment for the employer, stating that there was no compelling interest on the part of Arizona in allowing non-resident employees temporarily working in Arizona to pursue common-law remedies when they were protected by another state's compensation system.

However persuasive the views expressed in section 184 of the Restatement and the *Larson* treatise may be, we do not believe these authorities address the situation with which we are presently confronted. Once it is determined that an injured employee is eligible for benefits under the Iowa workers' compensation statutes, those laws do not discriminate between employees who are residents of Iowa and those who are not. Nor does discrimination exist based on the principal place of business of employers who are subject to these statutes. Consequently, we believe the right-to-sue policy expressed in section 87.21 extends to this plaintiff in the same manner that it applies to all employees eligible for benefits under the Iowa workers' compensation laws.

There is no constitutional limitation on the forum court's choice of law in these situations. *See, e.g., Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980). In this context, the Supreme Court has stated that the interest of the first state in limiting the liability of its employers is "not of [constitutionally] controlling importance." *Id.* at 280–81, 100 S.Ct. at 2660, 65 L.Ed.2d at 772–73. Unlike the situation confronting the Arizona court in the *Farias* case, Iowa, as the forum state, does have a clearly articulated public policy on this issue. We are obliged to apply those laws which, through positive legislative enactment, represent the public policy of this state.

Viewed from this perspective, it would be irrational to apply the exclusive-remedy statute of another state to defeat a claim which our legislature has placed beyond the reach of the Iowa exclusive-remedy

statute.[2] We refuse to apply the Nebraska statute in this unorthodox manner. We hold that plaintiff's right to sue under section 87.21 is not precluded by the exclusive remedy provisions of the Nebraska workers' compensation laws.

We have considered all issues presented and conclude that the judgment of the district court should be reversed and the case remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

**2.** See the discussion in division III of this opinion.