**Willie OSBORN, Appellant,**

v.

**Ronnie L. KINNINGTON, Appellee.**

**No. 08-89-00212-CV.**

Court of Appeals of Texas, El Paso.

Jan. 24, 1990.

Rehearing Overruled March 21, 1990.

Steve Hershberger, Odessa, for appellant.

Vance Wittie, Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

The Appellant's motion for rehearing is granted, the opinion of this Court dated December 6, 1989, is set aside and the following is the opinion of this Court.

This is an appeal from an Order of Dismissal in which the trial court dismissed a suit filed by one Alabama employee against another Alabama employee, for injuries sustained in a vehicle accident in Texas, where both were covered by workers' compensation, and the compensation statute in Texas bars suits against an employer and a co-employee. We reverse and remand.

In September 1984, Ronnie Kinnington and Willie Osborn drove a truck owned by H.D. Edgar Trucking Company, Inc., from Alabama to California and were on a return trip when the vehicle overturned near Odessa, Texas. At the time of the accident, Mr. Kinnington was driving, and Mr. Osborn was asleep in the sleeper compartment of the cab. As a result of the accident, Mr. Osborn, who was injured, filed suit against Mr. Kinnington. Although both drivers lived in Alabama, suit was filed in Texas. By way of admissions, it was established that both drivers were employed by the trucking company on the date of the accident and that the trucking company provided workers' compensation insurance for its employees on that date and that benefits were paid to Osborn as a result of the accident.

The Appellee filed what it called a motion to dismiss and sought a judgment under the provisions of Rule 166a of the Texas Rules of Civil Procedure. The motion was based upon the pleadings, depositions and files in the cause. It asserted the claim was barred as against a fellow employee. A motion was filed in response asking the trial court to take judicial notice of the laws of Alabama and permit the suit to be maintained against the co-employee. Attached to the motion was a copy of the opinion of the Supreme Court of Alabama in *Grantham v. Denke*, 359 So.2d 785 (1978), holding that part of the state's Workmen's Compensation Act which prohibited suits against a co-employee to be unconstitutional. The Order of Dismissal does not recite any action on the motion to take judicial notice of the laws of Alabama.

The Appellant presents eight points of error in which he asserts that the co-employee defense was not established, as a matter of law, that there is no proof that the employer was a subscriber under Texas law and that the law of Alabama should control the issue of liability.

First, the admissions and the deposition testimony of the two truck drivers establish, as a matter of law, that they were co-employees, both driving the same truck for their employer, H.D. Edgar Trucking Company, at the time of the accident. The admissions establish the compensation coverage provided to these employees, and Mr. Osborn admitted in his deposition that he

was drawing $194.00 per week in workmen's compensation benefits.

The Texas Workers' Compensation Act provides that the employees of a subscriber shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries. Article 8306, sec. 3; *Mobley v. Moulas*, 468 S.W.2d 116 (Tex.Civ. App.—El Paso 1971, writ ref'd n.r.e.). We conclude that Appellee did establish the bar to this suit, as a matter of law, if Texas law applies.

■ Appellant further asserts that there was no proof that the employer was a subscriber under Texas law, that the law of Alabama should be applied and that the cause of action against the co-employee was a valid cause of action under the law of that state. Without proper proof to the contrary, Alabama law is presumed to be the same as the law in this state. *Ogletree v. Crates*, 363 S.W.2d 431 (Tex.1963). In this case, the motion for judicial notice was properly before the trial court, and there appearing no reason the court would not have taken judicial notice as requested, and there being nothing in the record to reflect that the trial court did not take judicial notice, we will assume that the court did as requested. Thus, the trial court was faced with the law of the forum which would preclude a suit by a co-employee where the employer was covered by worker's compensation, and the law of a foreign state, where the employees were hired and the employer had its principal place of business, which would not preclude such a suit.

■ Had this suit been filed in Alabama, the courts of that state would apparently follow the rule of lex loci delicti and apply the Texas rule since that was where the accident occurred. *Powell v. Sappington*, 495 So.2d 569 (Ala.1986). Thus, no recovery would be had in a suit between two Alabama residents in an Alabama court. The *Powell* opinion notes the Alabama law was amended after this accident to restrict suits against co-employees.

Since the decision in *Gutierrez v. Collins*, 583 S.W.2d 312 (Tex.1979), Texas has applied the most significant relationship test of the Restatement (Second) of Conflicts (1971). Section 6 sets out the general principles by which the more specific rules are to be applied. Section 145 lists factual matters to be considered when applying the principles of Section 6 to a tort case. Section 184 sets the standards by which a court is to determine immunity from a tort suit where an employee is covered by a worker's compensation statute.

If we were only applying Section 145 of the Conflict of Laws, we would affirm the trial court. Although the four factors under that section are evenly divided, the place of injury and the place of the conduct causing the injury both being in Texas, and the place of residence and business of the parties and the place where the relationship is centered being in Alabama, the Comment on Subsection (2) states:

> When the injury occurred in a single, clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law with respect to most issues involving the tort.

But, *see Robertson v. Estate of McKnight*, 609 S.W.2d 534 (Tex.1980), and *Crisman v. Cooper Industries*, 748 S.W.2d 273 (Tex. App.—Dallas 1988, writ denied).

But, Section 184, which deals with immunity from tort claims arising out of a worker's compensation statute, provides that the controlling statute should be the statute of the state under which the employer is required to provide insurance against the particular risk and under which the plaintiff has obtained an award for the injury. Larson, The Law of Workmen's Compensation, Vol. 4, Sec. 88.00 (1989), sets forth the general rule as follows:

> As to third-party actions, if compensation has been paid in a foreign state and suit is brought against a third party in the state of injury, the substantive rights of the employee, the subrogated insurance company and the employer are ordinarily held governed by the law of the foreign state, although there is contra authority.

One of the first cases to decide a similar issue was *Stacy v. Greenberg*, 9 N.J. 390, 88 A.2d 619 (1952). In a suit filed in New

**420**

Jersey as a result of an accident in that state involving New York residents who were employees of a New York corporation, the Court applied New York law which barred suit against a co-employee although the law of the forum did, not. The opinion was written by Justice William J. Brennan, Jr. That holding was rejected in *Hutzell v. Boyer*, 252 Md. 227, 249 A.2d 449 (Md.1969). Courts which have applied the law of the state where the employment relationship was created include *Hunker v. Royal Indemnity Co.*, 57 Wis.2d 588, 204 N.W.2d 897 (1973); *Saharceski v. Marcure*, 373 Mass. 304, 366 N.E.2d 1245 (1977); *Connor v. Hauch*, 50 Md.App. 217, 437 A.2d 661 (1981); *Frassa v. Caulfield*, 22 Mass.App.Ct. 105, 491 N.E.2d 657 (1986) and *Farias v. City of Tucson*, 153 Ariz. 113, 735 P.2d 143 (Ariz.Ct.App.1986).

In *Total Oilfield Services, Inc. v. Garcia*, 711 S.W.2d 237 (Tex.1986), the Court found that the most significant relationship test was to be applied and that Texas law was applicable in a wrongful death case where a Texas resident was killed in an industrial accident in Oklahoma.

We conclude that Willie Osborn (no relation to the author of this opinion), may maintain this suit in a Texas court even though he could not maintain it in a court of his home state of Alabama. We sustain Points of Error Nos. Two, Three, Six and Seven.

The Order of Dismissal is reversed and the case remanded to the trial court.