Isaac CARTER, Administrator of the Estate of R. C. Woollard, Appellant,

v.

B. H. FERRIS, Appellee.

No. 6970.

Court of Civil Appeals of Texas.

Amarillo.

June 20, 1960.

Rehearing Denied Sept. 6, 1960.

Simpson, Adkins, Fullingim & Hankins, Amarillo, Chas. H. Dean, Plainview, for appellant.

Ross H. Scott, Dallas, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment rendered upon a jury verdict for B. H. Ferris in a common law negligence action for personal injuries, following a holding by this court (Traders & General Insurance Co. v. Ferris, 312 S.W.2d 311, writ refused) that he was an independent contractor and not an employee.

B. H. Ferris, appellee, while engaged in laying construction blocks for a filling station being constructed by R. C. Woollard, fell into a hole in the ground that had been dug for a grease rack lift. During the two weeks following the digging of the hole it had been barricaded. The evidence shows that shortly before the injury Mr. Woollard had removed one of the barricades. Appellee, having become accustomed to working around the hole with the barricades and not knowing one of them had been removed stepped backward and fell into the hole, sustaining the injuries from which he recovered the judgment here appealed from. Mr. Woollard is now deceased and the suit is prosecuted against Isaac Carter, Administrator of his estate.

It appears that Mr. Woollard, following appellee's injury, made an "Employer's Report of Injury" and Traders & General Insurance Company, based upon such report, commenced paying weekly compensation. After appellee had been paid several

weeks compensation he received forms from the Industrial Accident Board, which a representative of Traders & General Insurance Company filled out, based upon disclosure of facts such representative learned by questioning appellee. It appears said representative also filled in some statements not made by appellee. After the insurance carrier had paid appellee $1,325 in compensation and medical bills in the amount of $1,914.20 they ceased making payments. It was not until after the Industrial Accident Board had made an award in the case and suit was filed that the question was raised as to Mr. Ferris not being an employee. Thus, the question before us, which we believe to be of first impression in this state, is whether an injured workman can recover in a common law action after he has first prosecuted unsuccessfully a cause of action for the same injury under the Workmen's Compensation Act. Vernon's Ann.Civ.St. art. 8306 et seq., when the claim for Workmen's Compensation was initiated by the insurance carrier and/or the subscriber, and after it has been judicially determined that the injured party is an independent contractor and not an employee.

■ Appellant is before us upon three points of error. In its first point it asserts appellee is judicially estopped from asserting the present cause of action. For authority upon the point he cites Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 and Jones v. Jones, Tex.Civ.App., 301 S.W.2d 310. The facts in the former, by our Supreme Court, are not even analogous to the facts of our case. There a daughter of W. C. Knox was claiming as an heir of her father land which her father had saved from execution by sworn pleadings to the effect that the property in question belonged solely to his wife as her separate estate and that he had no interest whatsoever in the property. The court quoted with approval from another authority as follows [155 Tex. 581, 291 S.W.2d 295]:

"Under the doctrine of judicial estoppel, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding *under oath* the contrary to the assertion sought to be made." (Emphasis added.)

There the allegation was made under oath. In the instant case appellee testified that in the Workmen's Compensation case:

"I always said I was laying by the block. I said I didn't know whether I was a private contractor—I said I didn't know whether I was a contractor or employee, that was a matter of the courts."

The testimony further shows:

"Q. * * * Throughout the trial of that other law suit when you were testifying did you ever say whether you were a contractor or whether you were an employee from your own lips from the witness stand.

"A. No, sir, I never did.

*     *     *     *     *     *

"Q. And didn't you further testify in that law suit that you didn't know whether you were an employee or contractor because that question was a question of law.

"A. That's right."

The record shows, of course, that the attorney drew the pleadings in the workmen's compensation case. It is without contradiction that they were not sworn to by appellee. The record also shows that he did not himself initiate the claim for workmen's compensation benefits but that the subscriber and/or insurance carrier did so for him at a time when he did not have legal counsel. His attorney, obviously for the purpose of preventing limitation from running against a common law action in the event appellee was found to be an independent contractor and not an employee, filed the present suit and let it lie dormant on the docket pending the outcome of the workmen's compensation case. To say now, from the state of this record that appellee is

judicially estopped to claim damages for serious permanent injuries found by the jury to have been caused by Mr. Woollard's negligence would be to deny him any relief whatsoever and would in our opinion be a rank miscarriage of justice against a person whose only wrong consisted of having employed an attorney who misjudged his client's cause of action and continued the prosecution of the Workmen's Compensation claim initiated at least in part by Mr. Woollard himself, he having given notice to the insurance carrier of appellee's injury.

We do not believe the Jones case above cited is in point in our case either. Mrs. Jones accepted benefits under a will probated in Louisiana and while still acting as executrix under this will sought to contest the will in Texas under Texas law. No benefits ever accrued to appellee in our case from the Workmen's Compensation suit and we find no place in the record where he ever made a judicial admission that he was an employee of Woollard. Both attorneys admit this is a case of first impression in Texas on the particular questions involved, and in our search we have been unable to find one exactly in point. In a very recent case involving election of remedies, in which an injured party accepted benefits under a voluntary compensation policy and then brought a suit at common law against his employer, our Supreme Court has said:

"To hold with petitioner we must say that as a matter of law Hare knew at the time he accepted the compensation checks that the remedy of a suit at common law against his employer was available to him." Leonard v. Hare, Tex., 336 S.W.2d 619.

Our record shows clearly that appellee did not know as a matter of law that he had a cause of action against Mr. Woollard at common law but that he simply testified to the facts and left the matter up to the courts. If any analogy could be drawn from the case just cited we believe it favors the position of the appellee herein. Appellant's Point 1 is overruled.

In his second point appellant contends appellee is equitably estopped from asserting the present cause of action. To this contention we are unable to agree. It has been textually stated that:

"In order to constitute an equitable estoppel or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice." 31 C.J.S. Estoppel § 67, p. 254.

As may readily be seen the facts of our case fall far short of the conditions just quoted as constituting equitable estoppel. It appears that the workmen's compensation payments were voluntarily made, and that they were initiated by Mr. Woollard giving notice of injuries or by the insurance carrier filling out the claim forms for him. It would be harsh indeed to say appellee was estopped to pursue his present cause of action on account of such payments. Carter v. Uhrich, 122 Kan. 408, 252 P. 240.

The third and last point asserts error of the trial court in refusing to credit the judgment in the present case against Mr. Woollard's estate with the amount of money paid in compensation and medical bills by Traders & General Ins. Co. to appellee. Again we are unable to follow appellant's reasoning. Traders & General Ins. Co. had a perfect right to intervene and ask for recovery on any judgment recovered by appellee to the extent of the amount of money they had paid him. For some reason not shown in the record the insurance carrier did not do so. We do not know of any authority nor have we been cited to any that would entitle appellant to be credited with the amount of money voluntarily paid to appellee by a complete stranger to this suit.

Appellant has paid appellee nothing and we believe he is not entitled to any offset. Incidentally, the record shows that appellee's petition in the present suit did not even ask for recovery of any medical expenses so we would have to assume there was no special issues submitted on that question to the jury and hence no recovery for that item.

Accordingly, the judgment of the trial court is in all things affirmed.