**John D. STEINKUEHLER, Appellant,**

v.

**Curtis BROTHERSON and Suzanne Brotherson, Appellee.**

**No. 88–1346.**

Supreme Court of Iowa.

July 19, 1989.

Reed H. Reitz of Reimer, Lohman & Reitz, Denison, for appellant.

John D. Ackerman and Dale S. Honken of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellee.

Considered by LARSON, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Plaintiff, John D. Steinkuehler, appeals from a summary judgment for defendants, Curtis Brotherson and Suzanne Brotherson, in an action to recover for personal injuries sustained by plaintiff when the motorcycle he was operating collided with a dog owned by defendants. Upon consideration of the arguments of the parties, we reverse the judgment of the district court.

This action concerns plaintiff's claim for personal injuries incurred on June 16, 1985.

At the time, plaintiff was operating a 1984 Honda 500 Shadow in an easterly direction on a blacktop road designated as County Road E–16 in Crawford County. The impact between the dog and the motorcycle took place approximately twenty-five feet west of the intersection of County Road E–16 and a north-south gravel road.

The facts before the district court, in its consideration of defendants' motion for summary judgment, were largely those contained in the discovery depositions of the parties. Plaintiff had testified that he first saw the dog when he was approximately fifty feet west of the intersection. The dog was standing still and facing south at this time. Plaintiff indicated that, in "just an instant" after seeing the dog, it proceeded to run into the path of his motorcycle so as to cause a collision.

The dog owners' deposition testimony indicates that their dog was a black and white Samoyan–Collie cross. The dog was born in March 1982, and was purchased by defendants in May of that year as a pet for their two sons. At the time of the accident, it stood twenty inches tall and weighed forty-five to fifty pounds. Defendants testified that they had never had a problem with the dog roaming prior to the accident and had never seen the dog on either County Road E–16 or the intersecting gravel road.

Defendants indicated in their deposition testimony that when the dog was first purchased it was kept in an enclosed house yard until the winter of 1982–83. During that winter, the gates on the house yard were removed, and after that time, the dog was permitted to run freely. Defendants stated that they had made a subjective judgment that "the dog was old enough to know where it was supposed to be." The accident occurred at 10:30 a.m. on a Sunday morning while defendants were attending church.

In seeking to uphold the district court's grant of summary judgment, defendants rely on a statement in plaintiff's resistance that, "it would appear that there is no genuine issue of material fact." Although that statement is perhaps susceptible of an interpretation which renders defendants' deposition testimony a verity, we doubt that it was intended to convey that meaning. One does not file a resistance to a motion for summary judgment with the intention of conceding the validity of the moving parties' claims. Moreover, even if defendants' deposition testimony is taken as true for purposes of deciding the motion, that testimony is, we believe, insufficient to negate plaintiff's right of recovery as a matter of law.

Prior to an amendment enacted in 1983 (1983 Iowa Acts ch. 117, § 1), Iowa Code section 351.28 imposed liability on the owner of a dog for all damages done by the dog, even if the dog was not in the act of attacking or attempting to bite a person. *See LeMars Mut. Ins. Co. v. Bonnecroy,* 304 N.W.2d 422, 427 (Iowa 1981). The 1983 amendment changed the statute so as to provide:

> [T]he owner of a dog shall be liable to an injured party for all damages done by the dog, when the dog is caught in the action of worrying, maiming, or killing a domestic animal, or the dog is attacking or attempting to bite a person, except when the party damaged is doing an unlawful act, directly contributing to the injury....

Iowa Code § 351.28 (1985).

Although defendants contend that this amendment was intended to insulate a dog owner from all liability for the acts of a dog other than those specified in the statute, we conclude that the intent of the amendment was only to relieve the dog owner from the strict liability imposed by section 351.28. This legislation was not designed to narrow dog owners' liability in claims based on negligence. We also disagree with defendants' contention that our decision in *Melicker v. Sedlacek,* 189 Iowa 946, 179 N.W. 197 (1920), established that knowledge of vicious propensities is an essential element in a negligence claim against a dog owner. In the *Melicker* case, the plaintiff had assumed the burden of establishing that element, and the court was not called on to decide whether such

showing was in fact an essential element for recovery.

We have recognized that the real basis of negligence is behavior which should be recognized as involving an unreasonable danger to others. *Rinkleff v. Knox*, 375 N.W.2d 262, 265 (Iowa 1985); *Evans v. Howard R. Green Co.*, 231 N.W.2d 907, 913 (Iowa 1975). When this principle is applied to the present situation, two propositions seem relevant: (1) the presence of a dog in the traveled portion of a public highway presents a danger to a motorcycle operator without regard to whether the dog has a vicious disposition, and (2) we are not persuaded that only vicious dogs run onto the roadway. We therefore conclude that knowledge of a vicious propensity is not an essential element in claims against dog owners based on negligence.

■ We think the result in the present case is dictated by our opinion in *Weber v. Madison*, 251 N.W.2d 523 (Iowa 1977). In that case, we recognized the presence of a jury question in a claim against the owner of a large flock of geese which wandered onto the highway. We rejected the notion that such animals enjoyed "free commoner" status as a result of their role in our agricultural economy. We quoted as follows from an earlier decision:

> "In the days of the ox-drawn vehicle, it may be conceded that the presence of a hog upon the highway would not present an imminent danger of a collision with the vehicle. In the later day of swifter moving horse-drawn vehicle, the presence of a hog at large became an increased danger, though more readily avoidable than in the still later day of the motor vehicle. In these days of general travel by motor vehicle, we see no room for saying, as a matter of law, that the presence of a hog at large upon the highway does not suggest danger of collision with traveling vehicles."

*Id.* at 528 (quoting *Stewart v. Wild*, 196 Iowa 678, 683–84, 195 N.W. 266, 269 (1923)). We observed in the *Weber* case that the tendency of modern decisions is to restore common-law liability with respect to all free-ranging animals based on negligence. We quoted 4 Am.Jur.2d *Animals* § 114, at 365 (1962), for the proposition that "in numerous cases the owner of the animal has been charged with negligence generally, merely because he had permitted the animals to run at large."

We suggested in *Weber* that, because there is no statutory duty to restrain certain animals, including geese and dogs, the mere presence of such animals on the roadway does not necessarily constitute prima facie evidence of negligence. Whatever legal significance that proposition may have in ruling on motions for a directed verdict at the conclusion of a trial, we believe it has little bearing in deciding motions for summary judgment. When such motions are filed by a defendant, that party, rather than the plaintiff, bears the burden of demonstrating that, as a matter of law, there can be no basis for permitting recovery. *E.g.*, *Suss v. Schammel*, 375 N.W.2d 252, 254 (Iowa 1985); *Brown v. Monticello State Bank*, 360 N.W.2d 81, 83–84 (Iowa 1984). We examine the record in a light most favorable to the party opposing the motion for summary judgment to determine if the moving party has met that burden. *Matherly v. Hanson*, 359 N.W.2d 450, 453 (Iowa 1984); *Amco Ins. Co. v. Stammer*, 411 N.W.2d 709, 711 (Iowa App. 1987).

In applying the principles underlying summary judgment to negligence cases, we stated in *Daboll v. Hoden*, 222 N.W.2d 727, 734 (Iowa 1974):

> It is the court's view the general rule that issues of negligence, contributory negligence and proximate cause, the resolution of which requires determination of the reasonableness of the acts and conduct of the parties under all the facts and circumstances of the case, are ordinarily not susceptible of summary adjudication either for or against the claimant but should be resolved by trial in the ordinary manner....

We can contemplate a myriad of circumstances that could cause an untended and unrestrained Samoyan–Collie dog to go upon the roadway, even though this was not the dog's usual behavior. We conclude

that, consistent with *Daboll,* the reasonableness of defendants' acts and conduct is not susceptible of summary adjudication in their favor on the basis of their testimony negating other instances of canine wanderlust.

The order of the district court granting summary judgment is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.