**AMERICAN ASBESTOS TRAINING CENTER, LTD., Appellant,**

v.

**EASTERN IOWA COMMUNITY COLLEGE, Appellee.**

No. 89–1692.

Supreme Court of Iowa.

Nov. 21, 1990.

Allan L. Harms and James A. Piersall of Wenzel, Piersall & Harms, P.C., Cedar Rapids, for appellant.

William C. Davidson and Carole J. Anderson of Lane & Waterman, Davenport, for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

This appeal requires us to construe provisions of Iowa Code chapter 23A (1989). This act, relating to governmental competition with and purchasing from private enterprise, was enacted in 1988. American Asbestos Training Center, Ltd. (training center), a private enterprise, claimed chapter 23A prohibited Eastern Iowa Community College (community college) from offering asbestos training courses in competition with the training center.

The district court found asbestos training courses offered by the community col-

lege did not violate the act because the training courses did not constitute "goods or services" under chapter 23A and because the training courses were specifically authorized by statute. The court denied injunctive relief and granted a summary judgment to the community college. We affirm.

■ Entry of summary judgment is proper if, under the entire record, the only conflict concerns the legal consequences flowing from undisputed facts. *Brown v. Monticello State Bank*, 360 N.W.2d 81, 84 (Iowa 1984). Here, the court's rulings were based upon interpretation of Iowa Code section 23A.2. Statutory interpretation is a question of law for the court to determine. *See Hoekstra v. Farm Bureau Mut. Ins. Co.*, 382 N.W.2d 100, 105 (Iowa 1986).

■ When a statute is plain and its meaning is clear, we need not search for its meaning beyond its expressed language. *State v. West*, 446 N.W.2d 777, 778 (Iowa 1989). Words are given their ordinary meaning, absent legislative definition or particular and appropriate meaning in law. *State v. Bessenecker*, 404 N.W.2d 134, 136 (Iowa 1987).

■ If a statute is ambiguous, we apply familiar principles of statutory construction. *See* Iowa Code § 4.9. As previously stated, in interpreting statutes our ultimate goal is to ascertain and give effect to the intention of the legislature. We seek a reasonable interpretation that will best effect the purpose of the statute and avoid an absurd result. We consider all portions of the statute together, without attributing undue importance to any single or isolated portion. When more than one statute is pertinent to the inquiry, we consider the statutes together in an attempt to harmonize them. *Harden v. State*, 434 N.W.2d 881, 884 (Iowa 1989).

Iowa Code section 23A.2 provides in part:

1. A state agency or political subdivision shall not, unless specifically authorized by statute, rule, ordinance, or regulation:

a. Engage in the manufacturing, processing, sale, offering for sale, rental, leasing, delivery, dispensing, distributing, or advertising of goods or services to the public which are also offered by private enterprise unless such goods or services are for use or consumption exclusively by the state agency or political subdivision.

b. Offer or provide goods or services to the public for or through another state agency or political subdivision, by intergovernmental agreement or otherwise, in violation of this chapter.

I. *Construction of Chapter 23A.*

■ Words are ambiguous if reasonable persons can disagree as to their meaning. *See McCarthy v. McCarthy*, 162 N.W.2d 444, 448 (Iowa 1968). We consider the context in which they are used. Iowa Code § 4.1(3). The words "goods" and "services" have multiple definitions; they can be given broad or narrow meaning. Their use in section 23A.2 is ambiguous.

■ The statutory prohibition against community colleges offering for sale, dispensing, or advertising "services" to the public is qualified by other provisions in section 23A.2. A community college may exempt by rule "services" that directly relate to its educational mission. Iowa Code § 23A.2(2)(a). An express mission of community colleges is to provide vocational and technical training. Iowa Code § 280A.1(2). Section 23A.2 does not apply to certain on-campus activities including professional "services" which are produced, created, or sold incidental to the school's teaching mission. Iowa Code § 23A.2(10)(k)(9).

When we consider the context of the term "services" in section 23A.2 as it relates to schools, we find the term is contrasted with teaching and training. Teaching and training are distinct from, rather than included within, the meaning of "services." It is unlikely the legislature would exempt from chapter 23A services which are incidental to the teaching and training mission of community colleges but not exempt their teaching and training activities. We agree with the district court that the

offering, dispensing, and advertising of training courses by the community college for the purpose of teaching students how to handle, contain, and remove asbestos are within the parameters of the community college educational mission and are not in violation of chapter 23A.

## II. *Authorization for Training.*

■ Also, even if the term "services" is given broad interpretation, the court's judgment for the community college is correct because the statute expressly excludes the offering of "services" that are specifically authorized by statute. Iowa Code § 23A.2(1). Community colleges are expressly authorized to offer vocational and technical training. Iowa Code § 280A.1(2). The board of directors of the community college is directed to determine the curriculum to be offered subject to approval by the state board of education. Iowa Code § 280A.23(1). Here, the community college applied to the state board and secured approval of the asbestos training programs.

■ The training center urges the community college did not have specific authorization to offer asbestos training courses because it failed to comply with Iowa Code section 280A.23(1). Under this section, if an existing private educational or vocational institution within the merged area has facilities and curriculum of adequate size and quality which would duplicate the functions of the area school, the board of directors of the school must discuss with the institution the possibility of entering into contracts to have the existing institution offer facilities and curriculum to students of the merged area. The obvious purpose of this statutory provision is to avoid duplication of facilities and curriculum within area vocational schools and community colleges.

The training center's principal place of business is in Jones County, Iowa. It is not within the merged area of the community college. The state board of education is responsible for determining if a duplication actually exists. Iowa Code § 280A.23(1). We agree with the district court that specific authorization was given

to the community college to provide asbestos training courses.

AFFIRMED.