Bernard L. STROUP, Appellant,

v.

Roy and Sandra RENO, Appellees.

No. 94–430.

Supreme Court of Iowa.

April 26, 1995.

Robert W. Pratt and Max Schott, Des Moines, for appellant.

Charles E. Cutler and Coreen K. Bezdicek of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellees.

McGIVERIN, Chief Justice.

The question here is whether the petitioner employee, Bernard L. Stroup, can have two "bites at the apple" under Iowa Code section 87.21 (1993) by bringing alternate or successive actions against his uninsured employer for petitioner's work related injuries.

We conclude that he cannot because the alternative language in section 87.21 only authorizes an employee an initial choice of a method of recovery, not an entitlement to pursue a second method of recovery if the first one is unsuccessful. Thus, we affirm the district court's judicial review judgment which upheld the industrial commissioner's decision denying Stroup's workers' compensation claim.

I. *Background facts and proceedings.* On March 11, 1989, petitioner was injured in the course of his farm employment with respondents, Roy and Sandra Reno, who did not have any workers' compensation liability insurance. *See* Iowa Code § 87.1 (requiring most employers to carry workers' compensation liability insurance).

Under section 87.21, this situation gave petitioner the option of either bringing (1) an administrative action against respondents before the industrial commissioner for limited workers' compensation benefits or (2) a tort action against respondents in district court for unlimited damages. In the tort action, respondents could not assert certain defenses, and petitioner enjoyed a presumption of respondents' negligence and proximate cause and could recover civil damages for pain and suffering, disfigurement, lost wages, and lost earning capacity in addition to permanent disability damages and medical expenses.

Stroup chose this latter avenue and brought a civil tort action against the Renos in district court. Upon trial in October 1990, despite a statutory presumption of negligence by respondents, the jury returned a verdict in favor of respondents. Judgment was entered for the Renos and that case was affirmed on appeal. *Stroup v. Reno*, 491 N.W.2d 542 (Iowa App.1992) (table).

In an alternative action in November 1990, Stroup filed a petition before the industrial commissioner for workers' compensation benefits. The commissioner dismissed the petition and ruled that, as a matter of statutory interpretation, section 87.21 precludes petitioner from seeking workers' compensation benefits after he has sought damages in tort. The commissioner concluded that Stroup had only a choice between the two courses, not an entitlement to pursue both.

On Stroup's petition for judicial review, *see* Iowa Code section 17A.19, the district court upheld the industrial commissioner's decision, adopting the same reasoning. Stroup admits that all of his medical bills have been paid by respondents.

Stroup appealed. *See* Iowa Code § 17A.20. He contends that section 87.21 has been erroneously interpreted by the industrial commissioner and the district court, arguing that the statute does not foreclose the employee from pursuing an alternate remedy until the employee has *successfully* pursued one or the other.

II. *Scope of review.* Our appellate review is limited to the correction of errors at law made by the district court. *John Deere Dubuque Works of John Deere & Co. v. Weyant*, 442 N.W.2d 101, 103 (Iowa 1989) (citation omitted). Like the district court, we are bound by the agency's findings

of fact if those findings are supported by substantial evidence when the record is viewed as a whole. *Sharp v. Employment Appeal Bd.,* 479 N.W.2d 280, 282 (Iowa 1991); Iowa Code § 17A.19(8)(f). However, we are not bound by the agency's legal conclusions but may correct misapplications of the law. *Sharp,* 479 N.W.2d at 282 (citation omitted); Iowa Code § 17A.19(8)(e). In determining whether the law has been correctly applied, we give weight to the agency's construction of the statute. *John Deere,* 442 N.W.2d at 103 (citation omitted).

■ III. *Interpretation of section 87.21.* Iowa Code section 87.21 pertains to the failure of employers, such as the Renos, to insure against liability under the workers' compensation laws. *Reid v. Hansen,* 440 N.W.2d 598, 600 (Iowa 1989). Upon our examination of the statute's terms, we conclude that once an employee has chosen to pursue one of its two methods of recovery, the statute forecloses subsequent pursuit of the alternate method, in this case a worker's compensation claim.

A. Section 87.21 provides in relevant part that:

Any employer ... who has failed to [obtain workers' compensation liability insurance] ... is *liable* to an employee for a personal injury in the course of and arising out of the employment, and the employee may enforce the liability by an action at law for damages, *or* may collect [workers' compensation benefits]. In actions by the employee for damages under this section, the following rules apply:

1. It shall be presumed:

*a.* That the injury to the employee was the direct result and growing out of the negligence of the employer.

*b.* That such negligence was the proximate cause of the injury.

2. The burden of proof shall rest upon the employer to rebut the presumption of negligence, and the employer shall not be permitted to plead or rely upon any defense of the common law, including the defenses of contributory negligence, assumption of risk and the fellow servant rule.

3. In an action at law for damages the parties have a right to trial by jury.

(Emphasis added.)

It is readily apparent from section 87.21 that an uninsured employer may subject itself to a workers' compensation proceeding for limited statutory benefits. It is also clear from the statute that an uninsured employer, unlike an insured employer, may be obliged to defend a tort action in which the uninsured employer is not only at a substantial disadvantage concerning the statutory presumption of negligence and proximate cause and the inability to assert defenses, but also is subject to unlimited damages. The petitioner's employer can only attempt to rebut its presumed negligence and proximate cause, and contest petitioner's claimed damages. Being in this almost defenseless situation and facing unlimited damages is the statutory penalty an employer must pay for not carrying insurance.

Petitioner Stroup chose this second alternative and brought a tort action against the Renos. In this tort action, ending in a jury trial, Stroup lost despite all the statutory advantages given him in that suit.

Having lost in his first bite at the apple for unlimited damages, the question then becomes whether section 87.21 allows Stroup to have a second bite in the form of a workers' compensation action against respondents for limited benefits.

■ B. When a statute is plain and its meaning is clear, we need not search for its meaning beyond its expressed language. *American Asbestos Training Ctr., Ltd. v. Eastern Iowa Community College,* 463 N.W.2d 56, 58 (Iowa 1990) (citation omitted). We resort to rules of statutory construction only when the terms of the statute are ambiguous. *Le Mars Mut. Ins. Co. of Iowa v. Bonnecroy,* 304 N.W.2d 422, 424 (Iowa 1981) (citation omitted), *superseded by statute on other grounds, Steinkuehler v. Brotherson,* 443 N.W.2d 698 (Iowa 1989); Iowa Code § 4.6.

■ We give precise and unambiguous language its plain and rational meaning as used in conjunction with the subject considered, absent legislative definition or particu-

lar and appropriate meaning in law. *American Asbestos,* 463 N.W.2d at 58 (citation omitted); Iowa Code § 4.1(38). Thus, it is not for us to speculate as to the probable legislative intent apart from the wording used in the statute or to use legislative history to defeat the plain words of the statute. *Le Mars,* 304 N.W.2d at 424 (citation omitted). We must look to what the legislature said rather than what it should or might have said. Iowa R.App.P. 14(f)(13).

Following these principles thus requires a close examination of key words in section 87.21. As described above, the statute provides that the employer is *liable* to an employee for a personal injury. The employee may enforce the liability in an action at law for damages *or* may collect workers' compensation benefits.

The industrial commissioner and the district court focused on the word "or" in holding Stroup had the option of pursuing either remedy, but not both. However, Stroup contends the proper focus should be on the words "enforce" and "collect." He asserts both words connote successful recovery or achievement of the benefits sought. Therefore, Stroup argues the legislature intended that an election between the alternative remedies does not arise until the employee has *successfully* pursued one or the other. Because he was initially unsuccessful in his tort suit for damages, he thus insists he was not foreclosed from then attempting to collect workers' compensation benefits.

However, we believe the key words in section 87.21 are "liable" and "or" rather than "enforce" and "collect."

"Liable" means bound or obligated according to law or equity; or answerable. Webster's Third New International Dictionary 1302 (1976); Black's Law Dictionary 915 (6th ed. 1990).

"Or" was defined by us in *Bates v. United Security Insurance Co.,* 163 N.W.2d 390, 398 (Iowa 1968), as follows:

The word "or" marks an alternative and generally corresponds in meaning to the word "either." It signifies that one of two things may be done, but not both.

The statutory provision thus means that the employer is "liable" or obliged to the employee according to the law. The applicable law is set out in the balance of section 87.21 and concerns a tort action *or* a workers' compensation action.

The definition of "or" as applied here means that petitioner is entitled to either enforce or pursue the tort action in court with its various advantages for petitioner or else pursue a workers' compensation administrative action, but not both.

Based on this clear reading of the statute, we agree with the industrial commissioner and the district court which denied Stroup's alternative workers' compensation claim. Petitioner Stroup has had his day in court with a full district court jury trial and must live with the option he chose and its results.

IV. *Cases from other jurisdictions.* Cases from other jurisdictions resolving the issue are in accord. For example, in *Pryse Monument Co. v. District Court of Kay County,* 595 P.2d 435 (Okla.1979), the petitioner unsuccessfully brought a workers' compensation action. He then brought a tort action. The Oklahoma court ruled that action was barred by an election of remedies under a statute that had a similar framework to Iowa Code section 87.21. *Id.* at 438.

In a similar vein, *Bailey v. McClelland,* 848 S.W.2d 46 (Mo.Ct.App.1993), rebuts the petitioner's assertion that only a successful action for damages works to bar a petitioner's pursuit of an alternative action. In *Bailey,* a plaintiff's tort action was reduced to judgment in favor of the plaintiff yet remained unsatisfied. *Id.* at 47. Although the worker had not received any damages, the court denied the plaintiff's workers' compensation claim due to election of remedies.[1] *Id.* at 48.

---

1. Most cases from other jurisdictions which have faced the issue are not persuasive and are distinguishable. In some cases from other jurisdictions, the worker was barred by procedural problems in choosing one method but was later allowed to proceed with an alternate method of recovery. *See, e.g., Haynie v. National Gypsum Corp.,* 62 Md.App. 528, 490 A.2d 724 (1985) (allowing worker to proceed with the first action filed but not with the second when both tort and

V. *Conclusion.* Stroup made his choice under section 87.21 and according to its clear language must live with the result. The decision is no different than those commonly made in litigation on matters such as strategy, settlement, theories to pursue and parties to be named.

The judgment of the district court and the decision of the industrial commissioner are affirmed.

**AFFIRMED.**

All justices concur except TERNUS, J., who dissents and is joined by HARRIS, LAVORATO and NEUMAN, JJ.

TERNUS, Justice (dissenting).

I respectfully dissent.

The majority states, "the definition of 'or' as applied here means that petitioner is entitled to either *enforce or pursue* the tort action ... or *pursue* a workers' compensation [action]." (Emphasis added.) The legislature, however, used the words "enforce" by a tort action or "collect" workers' compensation benefits. Neither "enforce" nor "collect" is synonymous with "pursue." Therefore, the majority's claim that mere pursuit of one of the remedies reflects the legislature's intent cannot be based, as claimed, on a "clear reading of the statute."

Section 87.21 is ambiguous and principles of statutory construction should be applied. *American Asbestos,* 463 N.W.2d at 58. The ultimate goal in construing statutes is to determine and give effect to the legislative intent in enacting the law. *Jahnke v. Incorporated City of Des Moines,* 191 N.W.2d 780, 787 (Iowa 1971). In discovering such intent, we consider the language used, the purpose to be served and the evil sought to be remedied. *Id.*

administrative claims had been filed before either of the claims had reached final judgment and both had been dismissed); *Carter v. Ferris,* 337 S.W.2d 852 (Tex.Civ.App.1960) (holding worker entitled to pursue tort action after workers' compensation claim dismissed due to the fact that no remedy existed for an independent contractor within that forum). In other cases, the states' statutes were dissimilar from Iowa Code section 87.21. *See, e.g., Gentry v. Jett,* 235

It is not the word "or" which creates ambiguity in this case, but the words "enforce" and "collect" read together with the word "or." The majority correctly notes that "or" marks an alternative and signifies one of two things may be done, but not both. *See Bates,* 163 N.W.2d at 398. However this proposition provides no guidance for determining the meaning of "enforce" and "collect." Black's Law Dictionary defines "enforce" as:

[t]o put into execution; to cause to take effect; to make effective; as, to enforce a particular law, a writ, a judgment, or the *collection* of a debt or fine; to compel obedience to.

Black's Law Dictionary 528 (6th ed. 1990) (emphasis added). Black's explains "collect" is to obtain payment or liquidation of a debt or claim either by personal solicitation or legal proceedings. *Id.* at 263. These words connote successful recovery.

The purpose of section 87.21 cannot be read in isolation from the workers' compensation statutes (chapters 85, 85A, 85B and 86). When more than one statute is pertinent, we consider the statutes together in an attempt to harmonize them. *State v. Sullins,* 509 N.W.2d 483, 485 (Iowa 1993). The purpose of these laws is to award speedy and reasonable compensation to workers suffering injury at work. *See Mitchell v. Phillips Mining Co.,* 181 Iowa 600, 607, 165 N.W. 108, 110 (1917). The legislature intended the uninsured employer should pay damages, and that it should be reasonably certain that the employee could collect them. *Id.* Workers' compensation is above all a security system and the worker should not have to gamble for workers' rights under an election doctrine. *See* A. Larson, *Larson's Workmen's Compensation* § 67.31 (1994).

Renos, by virtue of being uninsured, were in violation of section 87.1 and thus were

Ark. 20, 356 S.W.2d 736 (1962) (interpreting Arkansas Code section 81–1340); *Virginia Used Auto Parts, Inc. v. Robertson,* 181 S.E.2d 612 (Va.1971) (interpreting Virginia Code section 65–102). *See generally* 2A Arthur Larson, *The Law of Workmen's Compensation* § 67.31 (1994) (collecting cases resolving the issue of whether an employee may bring alternate or successive actions against employer).

subject to section 87.21. Section 87.21 is penal in nature. *See Virginia Used Auto Parts, Inc. v. Robertson,* 212 Va. 100, 181 S.E.2d 612, 613 (1971).[1] It imposes liability upon the uninsured employer (statute asserts employer "is liable") either in a civil action, in which the employer is not permitted to assert important defenses, or in a workers' compensation proceeding. Therefore, considering the legislative intent to penalize the uninsured employer along with the intent to benefit the worker, it would be inappropriate to consider section 87.21 as containing an election provision which limits the employee to pursuing one remedy when that remedy is not achieved. In that situation, the uninsured employer escapes all liability in contravention of section 87.21's assertion that the employer "is liable." This result puts the uninsured employer at an advantage over the insured employer. The legislature did not intend that an employer who rejected the provisions of the workers' compensation act should be given an advantage over those who accepted them. *Mitchell,* 181 Iowa at 607, 165 N.W. at 110.

We can also look to prior statutes to determine the legislature's intent. *See Le Mars,* 304 N.W.2d at 424. It is significant that prior to 1970, section 87.21 did not state the uninsured employer "is liable" and did phrase the employee's rights in terms of a right "to elect" between the two remedies. This court has said that ordinarily a change in the language of a statute indicates an intention to change its meaning. *Hansen v. Iowa Employment Sec. Comm'n,* 239 Iowa 1139, 1141–42, 34 N.W.2d 203, 205 (1948). This change in language, along with the purposes of the act, indicates the legislature intended to reject the election doctrine.

I would hold that if an employee, such as Stroup, has been unsuccessful in a damages suit brought under section 87.21, the employee is not barred from then filing a claim for workers' compensation benefits. Double re-

covery, which the phrase "two bites at the apple" means to convey, is not the issue or the result here. Some recovery for injuries suffered is what section 87.21 provides. The interpretation I suggest is in line with established policy to liberally construe workers' compensation statutes in favor of the worker and to influence employers to obtain workers' compensation insurance and adhere to its terms. *See Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 283 (Iowa 1983); *Mitchell,* 181 Iowa at 608, 165 N.W. at 110. I would reverse the district court judgment and remand to the agency for a determination of Stroup's claim.

HARRIS, LAVORATO, and NEUMAN, JJ., join this dissent.

---

**1.** The majority points out that most cases from other jurisdictions which have faced this issue are distinguishable. However, *Virginia Used Auto Parts* is persuasive because the state statute in that case was similar to Iowa's: the uninsured employer "shall be liable ... either for compensation under [the workers' compensation] Act or at law in a suit instituted by the employee ... to recover damages for personal injury or death by accident." *Virginia Used Auto Parts,* 181 S.E.2d at 613. The Virginia court decided the statute did not require the employee to make an election of remedies. *Id.*