Alan **GARIEN** and Leanda Garien, Individually, and as Parents and Next Friends of Daniel J. Garien and Catherine R. Garien, Minors, Appellees,

v.

William **SCHNEIDER** and Dahlen Transport of Iowa, Inc., Appellants.

No. 95–237.

Supreme Court of Iowa.

April 17, 1996.

Mark A. Woollums and Jean Dickson Feeney of Betty, Neuman & McMahon, Davenport, for appellants.

Christopher L. Farwell and James D. Bruhn of Farwell & Bruhn, Clinton, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and TERNUS, JJ.

CARTER, Justice.

This appeal concerns the right of an employee whose employer was not insured for workers' compensation liability to bring an action at law for injuries received in the workplace. Plaintiff Alan Garien sustained substantial personal injuries while working in the employ of the defendant. The employer did not carry workers' compensation insurance.

Relying on Iowa Code section 87.21 (1993), Alan brought an action at law against his employer. Loss-of-consortium claims on behalf of Alan's wife and children were joined with his action. In addition, both Alan and the consortium claimants made a negligence claim against a coemployee, defendant William Schneider.

Following the filing of motions for summary judgment, the district court ruled that, because the defendant employer had not insured against workers' compensation liability and was not self-insured, an election existed on plaintiffs' part to bring an action at law. The court also ruled that Alan had not elected an inconsistent remedy by accepting proffered payments of workers' compensation benefits from the employer. After reviewing

the record and considering the arguments presented, we affirm the district court's ruling that the employer was neither insured nor self-insured, thus providing plaintiffs an election to sue at law. On the matter of the alleged inconsistent election arising from the employee's acceptance of proffered workers' compensation payments, we find that a genuine issue of material fact has been presented that precludes summary adjudication of that issue. The judgment of the district court is thus affirmed in part, reversed in part, and remanded for further proceedings.

## I. *The Consequences of Being Uninsured for Workers' Compensation Liability.*

■ We first consider the legal consequences of the employers being uninsured against workers' compensation liability. Section 87.21 deals with this issue and provides as follows:

> Any employer, except an employer with respect to an exempt employee under section 85.1, who has failed to insure the employer's liability in one of the ways provided in this chapter, unless relieved from carrying such insurance as provided in section 87.11, is liable to an employee for a personal injury in the course of and arising out of the employment, and the employee may enforce the liability by an action at law for damages, or may collect compensation as provided in chapters 85, 85A, 85B, and 86.

It is undisputed that the defendant employer did not insure against workers' compensation liability. The employer argues, however, that it was the substantial equivalent of a self-insured employer under section 87.10. It bases this claim on the fact that, prior to Alan's injury, it had made arrangements with an independent workers' compensation administrator to administer its workers' compensation claims on a self-insured basis in several states, including Iowa. Following Alan's injury, that independent administrator filed a first report of injury with the Iowa Industrial Commissioner, computed temporary total disability benefits, and issued payments of those benefits that were accepted

by Alan. In addition, it made payments to medical suppliers on Alan's behalf.

Although the acts of the independent administrator may be significant in deciding the second issue on appeal involving election of remedies, those actions fall short of qualifying the employer for self-insured status. As we observed in *Reedy v. White Consolidated Industries, Inc.,* 503 N.W.2d 601 (Iowa 1993),

> [a] self-insured employer under the Workers' Compensation Act is not an employer who fails to secure insurance against workers' compensation liability. Without more, an employer who fails to secure insurance against such claims merely waives the protection of the act against common-law claims.... To be a qualified self-insured employer under the act, it is necessary to voluntarily assume a recognized status under the workers' compensation laws as an insurer.

*Id.* at 603 (citing Iowa Code § 87.4 (1987)). Among other requirements necessary to gain self-insured status under the act, an employer must file proof of financial ability and furnish a bond approved by the industrial commissioner. Iowa Code § 87.11 (1993). The employer's failure to do this defeats any right to claim self-insured status for purposes of precluding the employee's election under section 87.21. The district court's ruling on this issue was correct.

## II. *Issue Concerning Plaintiffs' Inconsistent Election.*

■ Our inquiry does not end with a determination that the employer was neither insured nor self-insured. The employer has asserted that Alan elected against an action at law under section 87.21 by accepting workers' compensation benefits paid by the independent administrator after first notice of injury was filed with the Iowa Industrial Commissioner. In *Stroup v. Reno,* 530 N.W.2d 441 (Iowa 1995), we determined that an employee elects against a right to workers' compensation benefits by pursuing an action at law. We are convinced that the converse is true and that an employee may irreversibly elect against an action at law by the acceptance of workers' compensation benefits.

The district court summarily adjudicated this issue against defendants. We find that a sufficient factual issue exists to preclude the affirmance of that ruling. This action was commenced on June 16, 1994. As of September 1, 1994, approximately $119,181 in medical benefits had been paid to medical suppliers on Alan's behalf by his employer. More significant perhaps is the fact that, as of September 1, 1994, approximately $15,797 in temporary total disability benefits had been proffered by the employer and accepted by Alan. Five of these payments, each in the sum of $509 were proffered and accepted after the present action was commenced.

Plaintiffs have advanced two arguments in support of the district court's ruling on the election issue. These are: (1) that no election may be complete until there has been a full and complete satisfaction of an employee's entitlement under the workers' compensation act; and (2) that, based on the holding in *Bolinger v. Kiburz*, 270 N.W.2d 603 (Iowa 1978), no election exists if based on ignorance of the law or mistake. As to the first of these claims, plaintiffs' arguments are premised on the common-law doctrine of election of remedies. We are not persuaded that this doctrine is applicable to the present dispute. We believe, rather, that the issue before us relates to an election required under a statute and therefore must be determined based on an interpretation of that particular legislation.

▮▮▮ In interpreting statutes, we must look to the object sought to be accomplished and place on the statute that construction that will best effect those purposes. *Chicago & N.W. Ry. v. City of Osage*, 176 N.W.2d 788, 792 (Iowa 1970); *Overbeck v. Dillaber*, 165 N.W.2d 795, 797 (Iowa 1969). Workers' compensation benefits frequently extend over a period of months or years and sometimes are payable for life. Giving a reasonable interpretation to section 87.21 in light of that fact suggests that an election to accept workers' compensation benefits in lieu of an action at law may become final long before the

entire workers' compensation obligation is satisfied.

▮▮▮ On the issue involving a knowing election under the *Bolinger v. Kiburz* standard, we agree with plaintiffs that an inconsistent position under section 87.21 may be avoided if it was the result of ignorance of the law or mistake. *See Bolinger*, 270 N.W.2d at 607. Double recovery may be avoided in such instances by offsetting amounts received under the rejected remedy against amounts recoverable under the remedy ultimately pursued. *Id.* at 606. On the present record, however, the election issue presents factual issues not capable of summary adjudication. This requires reversal of the district court's ruling.

### III. *The Effect of Alan's Election on Other Claims in the Action.*

We held in *Johnson v. Farmer*, 537 N.W.2d 770, 773 (Iowa 1995), that the exclusive-remedy provisions of the workers' compensation act apply to consortium claims by spouses and children who are beneficiaries thereunder even though they are not actually entitled to workers' compensation benefits in the particular case. We believe, however, that this is only true if the employer is entitled to invoke the exclusive-remedy doctrine against the employee. If it is ultimately determined in this action that Alan may elect to pursue an action at law, so may the consortium claimants. Conversely, if it is determined that Alan has already elected against an action at law, the claims of the consortium claimants are subject to the exclusive-remedy defense.

With respect to the claims that plaintiffs are pursuing against the coemployee, defendant William Schneider, we conclude that, if Alan may elect an action at law against his employer, all plaintiffs may also lodge a common-law negligence claim against a coemployee not subject to the gross-negligence standards of section 85.20(2).[1] If Alan may not now elect an action at law against his employer, all coemployee claims are subject

---

1. In the event this option is available to plaintiffs, they must establish their coemployee claims under the ordinary burden of proof applicable to negligence actions and are not entitled to the statutory presumptions available against the employer under § 87.21.

610

to the gross-negligence standard of section 85.20(2).

We have considered all issues presented and conclude that the judgment of the district court should be affirmed as to its determination that the defendant employer was neither insured nor self-insured so as to permit the election of an action at law under section 87.21. The order of the district court summarily adjudicating the defense of inconsistent election is reversed. The case is remanded to the district court for further proceedings not inconsistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**