William **DANKER**, John Danker, and David Danker, Individually and d/b/a Danker Farms, Appellees,

v.

Brian **WILIMEK**, Appellant.

Brian **WILIMEK**, Appellant,

v.

William **DANKER**, John Danker, and David Danker, Individually and d/b/a Danker Farms, Appellees.

No. 96–1506.

Supreme Court of Iowa.

April 22, 1998.

R. Eugene Knopf of Walker, Knopf & Billingsley, Newton, for appellant.

John B. Grier and Merrill C. Swartz of Cartwright, Druker & Ryden, Marshalltown, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

ANDREASEN, Justice.

Brian Wilimek appeals from a ruling dismissing his workers' compensation proceeding. Wilimek filed his claim for injuries resulting from his employment by William Danker, John Danker, and David Danker (collectively Danker). Danker moved the commissioner to dismiss, based on Wilimek's filing of a tort action. *See* Iowa Code § 87.21 (1991) (providing alternatives for situations where an employer does not have workers' compensation insurance). The commissioner declined to dismiss and the matter was submitted. The deputy commissioner awarded workers' compensation benefits to Wilimek. Both he and Danker appealed the decision to the industrial commissioner and then to the district court for judicial review. On review the district court ruled the industrial commissioner should have dismissed the claim. Because we find the claim should not have been dismissed, we reverse and remand to the district court for further proceedings.

## I. Background Facts and Proceedings.

The Dankers are partners in a family farm partnership known as Danker Farms. Danker Farms grows seed corn, field corn, and soybeans. On September 17, 1989, Wilimek was operating a truck used to transport seed corn to a processing plant. While the corn was being unloaded, Wilimek's left upper extremity became caught in a conveyor belt used to facilitate the unloading. Wilimek suffered a severe injury and incurred substantial medical expenses.

At the time of the accident, Danker Farms did not have workers' compensation liability insurance. On January 9, 1991, Wilimek filed a tort action against Danker in Tama County district court. The following September Wilimek filed this workers' compensation petition in arbitration with the industrial commissioner. Danker moved to dismiss the claim, asserting the action warranted dismissal because Wilimek had elected to proceed with his tort action in district court.

A hearing was held before the deputy commissioner and on December 9, 1994, a proposed agency decision was filed. Both parties appealed the decision to the industrial commissioner. Nine issues were raised on appeal. They included questions whether Wilimek was an employee of Danker Farms, whether the claim was exempted from workers' compensation laws by reason of the agriculture exception, and whether the filing of the district court action preempted the workers' compensation claim. On November 29, 1995, the industrial commissioner filed an appeal decision addressing all nine issues. Both parties sought judicial review.

The district court found it necessary only to decide one issue: dismissal of the proceedings, pursuant to Iowa Code section 87.21, on the ground Wilimek had elected to pursue his tort action in district court. Wilimek appeals.

## II. Scope of Review.

Our review of this matter is governed by Iowa Code chapter 17A. We review the deci-

sion of the agency for errors at law. *Mortimer v. Fruehauf Corp.*, 502 N.W.2d 12, 14 (Iowa 1993).

### III. *Discussion.*

■ If an employer fails to maintain liability insurance to pay claims for workers' compensation when required to do so, an injured employee may, under Iowa Code section 87.21, "enforce the liability by an action at law for damages, or may collect compensation as provided in chapters 85, 85A, 85B, and 86." The sole issue before us is at what point is the employee deemed to have made the election given to him or her under section 87.21. Danker argues it is made when the employee first files either a law action in district court or an action before the industrial commissioner. We disagree.

Danker is correct that this is not an instance where the common law doctrine of election of remedies is involved. *See Garien v. Schneider*, 546 N.W.2d 606, 609 (Iowa 1996). The question before us involves statutory interpretation. *Id.* Iowa Code section 87.21 provides:

Any employer ... who has failed to [obtain workers' compensation liability insurance] ... is liable to an employee for a personal injury in the course of and arising out of the employment, and the employee may enforce the liability by an action at law for damages, or may collect [workers' compensation benefits]. In actions by the employee for damages under this section, the following rules apply:

1. It shall be presumed:
   a. That the injury to the employee was the direct result and growing out of the negligence of the employer.
   b. That such negligence was the proximate cause of the injury.
2. The burden of proof shall rest upon the employer to rebut the presumption of negligence, and the employer shall not be permitted to plead or rely upon any defense of the common law, including the defenses of contributory negligence,

assumption of risk, and the fellow servant rule.

3. In an action at law for damages the parties have a right to trial by jury.

■ When interpreting statutes, we attempt to determine and give effect to the intent of the legislature. *State v. Terry*, 569 N.W.2d 364, 366 (Iowa 1997). In determining legislative intent, we "consider the objects sought to be accomplished and the evils and mischiefs sought to be remedied, seeking a result that will advance, rather than defeat, the statute's purpose." *Harris v. Olson*, 558 N.W.2d 408, 410 (Iowa 1997). Further, we interpret workers' compensation statutes broadly and liberally because the purpose of the statutes is for the benefit of the workers. *Ehteshamfar v. UTA Engineered Sys. Div.*, 555 N.W.2d 450, 453 (Iowa 1996).

In *Stroup v. Reno*, 530 N.W.2d 441 (Iowa 1995), we interpreted section 87.21 to prohibit a claimant who had unsuccessfully pursued one of the two options given to him or her in section 87.21 to later pursue the other option. We held that section 87.21 allowed only one bite at the apple. *Stroup*, 530 N.W.2d at 444.

We reject Danker's election argument. We think there was no election under the circumstances here. In keeping with our decision in *Stroup*, and our rules for interpreting workers' compensation statutes, we hold that up to the point the employee receives a result from the option selected under Code section 87.21, he or she is free to change his or her mind and pursue the other alternative.[1] This holding is suggested by our opinion in *Stroup* where we stated "[p]etitioner Stroup has had his day in court with a full district court jury trial and must live with the option he chose and its *results.*" *Id.* (emphasis added).

The industrial commissioner stated:

[P]arties may file actions for reasons other than election of remedies. Actions may be filed because the opposing party will not voluntarily participate in the discovery necessary before the claimant has enough

---

1. In the proceedings before the commissioner Wilimek requested a stay of the proceedings until the issues raised in the district court action had been tried and determined. His request for stay did not constitute an election.

information to make a reasoned [choice]. They also may be filed to toll the applicable statute of limitations. The narrow reading of *Stroup* [Danker] suggest[s] could force claimants to choose a forum under section 87.21 without adequate information and leave them no means for preserving the right to pursue their claim in the alternative forum should discovery reveal that would be more appropriate. That outcome is contrary to the rule that the workers' compensation statute is to be construed liberally in [the] claimant's favor.

We agree with the commissioner's reasoning. The district court erred when it dismissed the workers' compensation proceeding.

**REVERSED AND REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS.**