# IN THE COURT OF APPEALS OF IOWA

No. 17-1573
Filed September 12, 2018

**CRAIG HELMICK and RITA ADAM,**
Plaintiffs-Appellants,

**vs.**

**LOUISA COUNTY BOARD OF SUPERVISORS,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Louisa County, Shawn R. Showers,

Judge.

Craig Helmick and Rita Adam appeal the dismissal of their writ of certiorari.

**AFFIRMED.**

Steven E. Ort of Bell, Ort & Liechty, New London, for appellants.

Michael C. Walker and Courtney T. Wilson of Hopkins & Huebner, PC,

Davenport, for appellee.

Considered by Doyle, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MAHAN, Senior Judge.**

Craig Helmick and Rita Adam appeal the district court's dismissal of their petition for writ of certiorari. Helmick and Adam were appointed chairman and vice-chairman, respectively, of the Louisa County Board of Health (BOH) by the Louisa County Board of Supervisors (BOS) for three-year terms. After a disagreement regarding salary increases for employees of the BOH, the BOS removed Helmick and Adam pursuant to Iowa Code section 331.321(3) (2017) prior to the end of their terms. The BOS cited Helmick and Adam's failure to meet and communicate with the BOS in its written orders. Helmick and Adam sought a writ of certiorari from the district court challenging the BOS's authority to remove them under section 331.321(3), which the court denied. In this appeal, Helmick and Adam challenge the BOS's authority to remove them under section 331.321(3). They argue, because of their status as officers, removal is only proper under Iowa Code chapter 66 through judicial action. Additionally, they argue their appointment for a term of years prevents their removal without just cause. Finally, they contest the reasoning provided by the BOS for their removal.

In this certiorari action, we review for correction of legal error. *See State Pub. Def. v. Iowa Dist. Ct. for Woodbury Cty.*, 731 N.W.2d 680, 683 (Iowa 2007). "A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise acted illegally . . . . " *State Pub. Def. v. Iowa Dist. Ct. for Polk Cty.*, 721 N.W.2d 570, 572 (Iowa 2006) (quoting *State Pub. Def. v. Iowa Dist. Ct. for Black Hawk Cty.*, 633 N.W.2d 280, 282 (Iowa 2001)). A court acts illegally when its findings are not supported by substantial evidence or it has not properly applied the law. *Id.*

Both parties agree Iowa Code section 331.321(1)(c) endows a BOS with the duty to appoint members to its county BOH. However, they disagree on the use of section 331.321(3) to remove members of the county BOH. Iowa Code section 331.321(3) states:

> Except as otherwise provided by state law, a person appointed in subsection 1 may be removed by written order. The order shall give the reasons and be filed in the office of the auditor, and a copy shall be sent by certified mail to the person removed who, upon request filed with the auditor within thirty days of the date of mailing the copy, shall be granted a public hearing before the board on all issues connected with the removal. The hearing shall be held within thirty days of the date the request is filed unless the person removed requests a later date.

Helmick and Adam contend section 331.321(3)'s preface, "[e]xcept as otherwise provided by state law," dictates that any other statutorily-authorized removal procedure supersedes section 331.321(3). They argue because of their status as officers,[1] Iowa Code chapter 66 controls and they may only be removed by judicial action.

When interpreting statutory language, our goal is to effectuate the legislature's intent and avoid absurd results. *See Am. Asbestos Training Ctr., Ltd. v. E. Iowa Comty. Coll.*, 463 N.W.2d 56, 58 (Iowa 1990). We do not search beyond a statute's express language when the plain meaning is clear. *See id.* But when statutory language is ambiguous, "we apply familiar principles of statutory construction." *Id.* And "[w]hen more than one statute is pertinent to the inquiry,

---

[1] Iowa Code section 137.102 states: "'Officers' means a local board of health chairperson, vice chairperson, and secretary, and other officers which may be names at the discretion of the local board of health."

we consider the statutes together in an attempt to harmonize them." *Id.* (citing *Harden v. State*, 434 N.W.2d 881, 884 (Iowa 1989)).

When considering chapter 66 and section 331.321(3) together, it is apparent each provides a means for removal by different entities. Section 331.321(3) provides the BOS broad authority to remove a member of the BOH. Such authority is logical given the BOS is also endowed with the authority to appoint members to the BOH. *See* Iowa Code § 331.321(1)(c). Conversely, chapter 66 provides interested parties, other than a BOS, a means to remove appointed or elected officers under limited circumstances. *See id.* §§ 66.1A (authorizing removal for an officer's habitual neglect or refusal to perform official duties, willful misconduct or maladministration, corruption, extortion, felony conviction, intoxication, or conviction for violation chapter 68A); 66.3 (permitting the attorney general, five registered voters of the county, or the county attorney to file a petition to remove a county officer by judicial action). The two methods for removal are not in conflict; rather, they coincide with one another. Chapter 66 does not supersede Iowa Code section 331.321(3), and the BOS had the authority to remove Helmick and Adam in accordance with the procedure set out in section 331.321(3) which it followed.

Helmick and Adam's claim that they could not be removed prior to the expiration of their three-year terms without cause is also flawed. While Iowa Code section 137.105(1)(e) states a "board of health member shall serve a term of three years," such general mandate does not limit removal to for cause justifications. *Compare* Iowa Code § 137.105(1)(e) (stating members of a BOH are appointed to three-year terms without mention to basis for removal), *with id.* § 414.8 (stating

members of a city board of adjustment shall be appointed to various terms of years and "shall be removable for cause by the appointing authority upon written charges and after public hearing"). We find support for our conclusion in Iowa Code section 137.105(1)(g), which provides that any BOH vacancy "due to death, resignation, or *other cause*" (emphasis added) should be filled for the remainder of the original appointment's term. This section contemplates a member's removal by some means prior to the completion of the member's three-year term. Yet chapter 137, governing local boards of health, provides no guidance regarding removal of BOH members for cause or otherwise. Without such guidance, we look to the general provisions of section 331.321(3) permitting the BOS to remove BOH members by a written order giving reasons for removal and complying with the required filing process and providing opportunity for a public hearing. Section 331.321(3) requires no for cause justification before removal of a board member. *Cf. Waddell v. Brooke*, 684 N.W.2d 185, 190 (Iowa 2004) (determining Iowa Code section 372.15,[2] containing almost identical language to section 331.321(3), does not require removal be for cause). We conclude Helmick and Adam's appointments

---

[2] Section 372.15 states:

> Except as otherwise provided by state or city law, all persons appointed to city office may be removed by the officer or body making the appointment, but every such removal shall be by written order. The order shall give the reasons, be filed in the office of the city clerk, and a copy shall be sent by certified mail to the person removed who, upon request filed with the clerk within thirty days of the date of mailing the copy, shall be granted a public hearing before the council on all issues connected with the removal. The hearing shall be held within thirty days of the date the request is filed, unless the person removed requests a later date.

to terms of years, pursuant to Iowa Code section 137.105(1)(e), does not limit their removal to for cause basis.

Finally, Helmick and Adam assert there is no factual basis supporting the reasons provided by the BOS in its written orders for removal. Both written orders cite the members' "lack of willingness to meet and communicate with the County Board of Supervisors." As the district court noted, this "written order was likely intentionally vague." And like the district court noted, our review in this certiorari action is limited to questioning the BOS's jurisdiction to remove Helmick and Adam. *See Iowa Dist. Ct. for Polk Cty.*, 721 N.W.2d at 572. We conclude the BOS had the authority to remove Helmick and Adam from the BOH, pursuant to Iowa Code section 331.321(3), and took care to comply with procedural requirements. Though Helmick and Adam may disagree with the BOS's contention that they demonstrated a "lack of willingness to meet and communicate with the County Board of Supervisors," their admitted conflict with the BOS provides at least some support for this contention.

In sum, a BOS may remove members of a BOH pursuant to Iowa Code section 331.321(3). Removal does not require a for cause justification. The BOS complied with section 331.321(3) in its removal of Helmick and Adam.

**AFFIRMED.**