**WASHINGTON COUNTY,**
**Iowa, Appellant,**

v.

**TAMA COUNTY, Iowa, Appellee,**

and

**James Ledvina, Larry Vest, R.**
**Kim Wilson, and Michael B.**
**Wentzien, Intervenors,**

and

**Iowa Department of Human Services, ex**
**rel. Charles L. Palmer, Intervenor.**

**No. 95–2238.**

Supreme Court of Iowa.

Nov. 20, 1996.

Douglas L. Tindal of Shearer & Tindal, Washington, for appellant.

Carlton G. Salmons of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

HARRIS, Justice.

This dispute between two counties concerns the legal settlement of a child with special needs. The case turns on whether "waiver program" services provided to the child and her family were "community-based" within the meaning of Iowa Code section 252.16(8) (1993). We think the trial court correctly concluded they were not. We accordingly affirm a summary judgment for Tama County.

The facts are stipulated. A.D., the minor child of C.D. and J.D., exhibited physical impairment soon after her birth in July 1987 and has since been diagnosed as slightly mentally retarded with hearing, visual, and walking impairments. A.D. has resided with her parents since birth. Until January 1989, they resided in Washington County. They then resided in Benton County from January 1989 until August 1990 when they moved to Tama County. In June 1993, A.D. and her parents moved back to Washington County where they remain. The disputed issues involve where and when, under the authorities to be explained, the family's legal settlement

became fixed. This is because the obligation to furnish certain services devolves upon the county of the recipient's legal settlement. *See* Iowa Code § 252.24.

The parties agree that the family's legal settlement was in Washington County until one year after the move to Benton County. Then, pursuant to Iowa Code section 252.16(4) it changed to Benton County. It is agreed that legal settlement remained in Benton County until one year after the move to Tama County when, under the same statute, legal settlement became established in Tama County. Legal settlement remained in Tama County until at least June 1994, one year after the move back to Washington County. The controlling question is whether legal settlement then became fixed in Washington County.

In September 1993, after the family's return to Washington County but before it is claimed they reestablished legal settlement there, the child's mother learned of the home and community-based mentally retarded waiver program administered pursuant to Iowa administrative code rule 441—83.60 *et seq.* (1996) (hereinafter waiver program). The waiver program services provided to A.D. included physical health services, physical therapy exercises, community integration with peers, sign language, and verbal communication. A.D. was taught to use sign language only in clarification of her speech, to independently dress, to fulfill assigned tasks, and to interact with other children. She practiced speech sounds and developed her fine motor skills by various exercises. The waiver program also provided A.D. and her parents with respite care. This allowed the parents to spend time away from A.D. by supplying someone else to come into the family home and temporarily assume A.D.'s care.

The waiver program receives its impetus from the federal government but its funding is shared. The federal share of the cost for such services is approximately sixty-three percent and is paid for by the Iowa department of human services using federal Medic-

aid money. The other share, approximately thirty-seven percent of the cost, is paid for by the county of legal settlement.

The services were delivered to A.D. by Res Care, Inc., a private corporation. Res Care has offices in Ottumwa, Bloomfield, Chariton, Fairfield, Keosauqua, Mount Pleasant, and Washington, Iowa. It provides department services of several kinds in all those communities.

The waiver program must be subject to oversight by an entity authorized to deliver Medicaid case management services. Iowa Admin. Code r. 441—83.61(1)(d). In A.D.'s case oversight was provided through South Iowa Case Management which provides its management services for many Iowa counties, including Washington County which has signed an Iowa Code chapter 28E agreement. Case management services for A.D. were paid for by the State of Iowa, not by Washington or Tama County.

In November 1993, the department determined that A.D. qualified for the waiver program and she began to receive supported living community services directed to her physical needs and intellectual development.

Tama County accepted its responsibility to be the county of legal settlement until June 30, 1994, and paid its thirty-seven percent share of the cost of the services provided to A.D. until then. There is no dispute over these payments. The dispute concerns Tama County's insistence that, after June 30, 1994, Washington County became the county of A.D.'s legal settlement and responsible for payments thereafter. After the two counties disagreed, Washington County brought this declaratory judgment action to resolve the matter.[1] The trial court granted Tama County's motion for summary judgment from which Washington County has appealed.

■ I. Declaratory judgment actions to determine legal settlement of an individual are tried in equity. *See* Iowa Code § 222.70; *State ex rel. Palmer v. Howard County*, 539 N.W.2d 165, 167 (Iowa 1995). Our review therefore normally would be de novo. Iowa

---

1. The director of the department was allowed to intervene but favored neither side of the dispute and did not participate in the appeal. Other intervenors, citizen taxpayers of Tama County, also took no part in the appeal.

R.App. P. 4. This case presents only a statutory construction issue concerning undisputed facts. Our review is therefore at law. *American Asbestos Training Ctr. Ltd. v. Eastern Iowa Community College*, 463 N.W.2d 56, 58 (Iowa 1990).

We have said that:

[l]egal settlement is a concept used exclusively in the context of public care of indigents and other persons. It requires more than mere physical presence in the county. The concept of legal settlement attempts to assess expenses and responsibilities to the county which received the benefits of the individual's residence prior to the need for assistance.

*State ex rel. Palmer v. Cass County*, 522 N.W.2d 615, 617–18 (Iowa 1994) (citations omitted).

II. Iowa Code section 252.16 is the map for legal settlement determinations. It provides in material part:

A legal settlement in this state may be acquired as follows:

1. A person continuously residing in a county in this state for a period of one year acquires a settlement in that county except as provided in subsection 7 or 8.

2. A person having acquired a settlement in a county of this state shall not acquire settlement in any other county until the person has continuously resided in the other county for a period of one year except as provided in subsection 7.

.    .    .    .    .

4. Minor children who reside with both parents take the settlement of the parents. . . .

.    .    .    .    .

8. A person receiving treatment or support services from any community-based provider of treatment or services for mental retardation, developmental disabilities, mental health, or substance abuse does not acquire legal settlement in the host county unless the person continuously resides in the host county for one year from the date

of the last treatment or support service received by the person.

Iowa Code § 252.16.

Washington County grounds its case on Iowa Code section 252.16(8), arguing that, because the family began receiving waiver program services within one year after returning there from Tama County, legal settlement was not reacquired. As is clear from the statute, this is or is not correct depending on whether the waiver program services begun within the year were received from a "community-based provider."

We recently considered the purposes of Iowa Code section 216.16 in *Howard County* where we stated the reason the legislature enacted subsection 8 was "to encourage counties to provide services to enable disabled persons—wherever possible—to remain in normal community settings, with appropriate treatment, care, rehabilitation and education." 539 N.W.2d at 169. Section 252.16 also "allows counties to establish providers within their borders and fund them without fear that the providers' services will subject the counties to liability for the care of the mentally retarded." *Id.*

■ Focusing on the issue here, we went on to define the term community-based provider as it appears in section 252.16(8). We said it meant "a county-based and county-funded provider." *Id. Howard County* thus prescribed a two-element test for determining whether services are "community-based": they must be (1) county based; and (2) county funded. We think and hold both elements must be satisfied to qualify as community-based.

■ It might be argued the waiver program services here were county funded, satisfying the second element. But we need not decide whether thirty-seven percent of the cost borne by the county qualifies the program as county funded. Either way the first element is clearly unsatisfied because the waiver program services failed to qualify as county based. The base was much wider. The services were provided by a private enterprise (Res Care, Inc.) throughout many counties from several offices pursuant to the regulations issued by the department. *See*

Iowa Admin. Code r. 441—83.60 *et seq.* Eligibility for the program is determined pursuant to department regulations. Iowa Admin. Code r. 441—83.61. The services themselves are specified by department regulations. *See* Iowa Admin. Code r. 441—83.66. The program is comparable to those we found not to be county based in *Howard County.* 539 N.W.2d at 170.

The trial court was correct in concluding that, under the facts here, nothing in Iowa Code section 252.16(8) precluded A.D. and her family from reacquiring legal settlement in Washington County one year after reacquiring residence there.

**AFFIRMED.**