STATE of Iowa ex rel. Charles M. PALMER, Director of the Iowa Department of Human Services, Appellees,

v.

LINN COUNTY and Linn County Board of Supervisors, Appellees,

v.

JOHNSON COUNTY and Johnson County Board of Supervisors, Appellants.

No. 96–573.

Supreme Court of Iowa.

June 18, 1997.

John Bulkley, Assistant County Attorney, for appellants.

Thomas J. Miller, Attorney General, and Richard E. Ramsey, Assistant Attorney General, for appellee-State.

Jeffrey L. Clark, Assistant County Attorney, for Linn County appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

Johnson County appeals the determination of the district court that it is K.R.'s county of legal settlement and is liable for her care. Johnson County claims that the district court erred in not finding Linn County was the proper county of legal settlement. We affirm.

## I.  Background Facts and Proceedings

K.R. was born on November 15, 1975, and is autistic and mentally disabled. Her condition likely requires specialized care for the remainder of her life. Her mother, who had legal settlement in Linn County at all relevant times, maintained custody of K.R. until the fall of 1978. Pursuant to her mother's request, K.R. was then placed in a residential care facility in Linn County. In 1980, with her mother's consent, K.R. was placed with a foster family also residing in Linn County.

In October 1981, Linn County initiated child in need of assistance proceedings, resulting in a transfer of K.R.'s custody to the Iowa Department of Human Services (DHS) in December 1981 for foster care placement. K.R. was placed in a Linn County foster home until October 1986, when she was temporarily transferred to a hospital psychiatric unit in Cedar Rapids. In November 1986, K.R. was placed in Systems Unlimited, a group home in Iowa City. Systems Unlimited was considered a community-based provider of services and treatment in Johnson County. A dispositional order was filed stating that K.R.'s custody would remain with DHS for purposes of placement at Systems Unlimited.

In May 1989, Martha Shaw, a special education teacher in Iowa City, was appointed K.R's guardian. Shaw had legal settlement in Johnson County at the time of her appointment and has maintained settlement there since. The State paid for K.R.'s care until she reached the age of eighteen on November 15, 1993. Since that date, the cost of K.R.'s care has been paid by Linn County.

Subsequently, a dispute arose between Linn County and Johnson County regarding which county is responsible for the cost of K.R.'s care after she reached majority. The State commenced a declaratory judgment ac-

tion pursuant to Iowa Code section 222.70(1) (1995) to determine K.R.'s county of legal settlement and consequently which county was liable for the costs of her care. Johnson County filed an application for an adjudication of law points, asserting that K.R. only resided in Johnson County to receive community-based support services for disabilities and therefore Iowa Code section 252.16(8) prevented Johnson County from becoming K.R.'s county of legal settlement. Linn County argues that K.R's. county of legal settlement transferred to Johnson County when her Johnson County guardian was appointed in 1989.

On February 26, 1996, the district court determined that Johnson County was K.R.'s county of legal settlement because her guardian, Martha Shaw, had legal settlement in Johnson County. The court further determined that Iowa Code section 252.16(8), which protects counties having community-based treatment providers from becoming the legal settlement of those in its care, was not applicable to minors. The district court ordered Johnson County to reimburse Linn County for the costs of K.R.'s care after she reached majority and to pay all future costs. It is from this determination that Johnson County appeals.

II.   Scope of Review

■   A declaratory judgment action to resolve a legal settlement dispute is tried in equity. Iowa Code § 222.70(1); *State ex rel. Palmer v. Hancock County,* 443 N.W.2d 690, 691–92 (Iowa 1989). Ordinarily, our review is de novo. Iowa R.App. P. 4. This case, however, merely involves a statutory construction issue concerning undisputed facts. Our review is therefore at law. *See Washington County v. Tama County,* 555 N.W.2d 834, 837 (Iowa 1996).

III.   Issue on Appeal

■   Johnson County claims the district court erred in determining Johnson County is K.R.'s county of legal settlement and that section 252.16(8) does not apply to minors. Chapters 222 and 252 of the Iowa Code govern public care of persons with mental disabilities and the determination of their

county of legal settlement. We have recently summarized the purpose and framework behind legal settlement. *See Washington County,* 555 N.W.2d at 836–37; *State ex rel. Palmer v. Cass County,* 522 N.W.2d 615, 617–18 (Iowa 1994).

Under Iowa Code section 222.60,

[a]ll necessary and legal expenses for the cost of admission or commitment or for the treatment, training, instruction, care, habilitation, support and transportation of patients in a state hospital-school for the mentally retarded, or in a special unit, or any public or private facility within or without the state, approved by the director of the department of human services, shall be paid by either:

1.   The county in which such person has legal settlement as defined in section 252.16.

2.   The state when such person has no legal settlement or when such settlement is unknown.

Iowa Code § 222.60.

Section 252.16 sets forth the method of determining a disabled person's county of legal settlement:

A legal settlement in this state may be acquired as follows:

1.   A person continuously residing in a county in this state for a period of one year acquires a settlement in that county except as provided in subsection 7 or 8.

2.   A person having acquired a settlement in a county of this state shall not acquire a settlement in any other county until the person has continuously resided in the other county for a period of one year except as provided in subsection 7.

*Id.* § 252.16(1)-(2).

Ordinarily, legal settlement is established in a particular county when a person resides in the same for a period of at least one year. A minor's county of legal settlement, however, is derivative of his or her parents and cannot be acquired in its own right. Subsection 3 specifically addresses the legal settlement of a minor:

[A] minor child residing in an institution assumes the settlement of the child's cus-

todial parent. Settlement of the minor child changes with the settlement of the child's custodial parent, except that the child retains the settlement that the child's custodial parent has on the child's eighteenth birthday until the child is discharged from the institution, at which time the child acquires the child's own settlement by continuously residing in the county for one year.

*Id.* § 252.16(3).

Turning to the stipulated facts before us, when K.R. was initially placed in the Linn County residential treatment facility in 1978, Linn County was her county of legal settlement because her mother also had settlement in Linn County. When custody of K.R. was transferred to DHS in 1981, however, a new determination of settlement was required. Section 252.16(4) states, in material part:

[A] minor, placed in the care of a public agency or facility as custodian or guardian, takes the legal settlement that the parents had upon severance of the parental relationship, and retains that legal settlement until a natural person is appointed custodian or guardian at which time the minor takes the legal settlement of the natural person or until the minor person attains the age of eighteen and acquires another legal settlement in the person's own right.

*Id.* § 252.16(4).

Therefore, because K.R.'s mother had settlement in Linn County at the time custody was transferred to DHS, K.R.'s county of legal settlement remained in Linn County under operation of subsection 4. Her settlement did not change when she was transferred in 1986 to Systems Unlimited in Johnson County, because she was still without a natural guardian. But when Martha Shaw, a Johnson County resident, was appointed K.R.'s guardian in 1989, K.R.'s county of legal settlement transferred to Johnson County under subsection 4, which provides that K.R. assumes the legal settlement of her natural guardian until her eighteenth birthday. *Id.* K.R. has now reached majority and therefore retains the settlement of Martha Shaw in Johnson County. *Id.*

Johnson County, however, argues that section 252.16(8) applies to minors and prevents the transfer of settlement to Johnson County because Systems Unlimited is a "community-based provider." Subsection 8 states:

A person receiving treatment or support services from any community-based provider of treatment or services for mental retardation, developmental disabilities, mental health, or substance abuse does not acquire legal settlement in the host county unless the person continuously resides in the host county for one year from the date of the last treatment or support service received by the person.

*Id.* § 252.16(8).

We recently visited the operation of subsection 8 and found an express legislative purpose:

[The] legislature enacted subsection 8 of section 252.16 to encourage counties to provide services to enable disabled persons—wherever possible—to remain in normal community settings, with appropriate treatment, care, rehabilitation, and education. Section 252.16 allows counties to establish providers within their borders and fund them without fear that the providers' services will subject the counties to liability for the care of the mentally retarded.

*State ex rel. Palmer v. Howard County,* 539 N.W.2d 165, 169 (Iowa 1995).

The parties have stipulated that Systems Unlimited is a community-based provider such that it ordinarily would fall within the auspices of subsection 8. The trial court determined, however, that the term "person" as used in subsection 8 does not include minors. Thus, the district court found that although Systems Unlimited was a community-based provider, Johnson County was not protected from financial liability under subsection 8 because that section was only meant to apply to adults.

Johnson County argues, however, that *Washington County* controls the result in the instant case. That case involved the legal settlement of the parents of a disabled child. In *Washington County,* a disabled child's parents moved from Tama to Washington County, but before the family acquired legal settlement there (*i.e.* before one year had

lapsed, as required by section 252.16(1)), the child and the family began receiving services from a treatment facility in Washington County. *Washington County,* 555 N.W.2d at 836. We considered the legal settlement of the family and what effect the services the family received had upon it. *Id.* at 835–36. Washington County argued that the facility was a community-based provider and as a result, subsection 8 prevented the parents from obtaining settlement there, thus relieving Washington County from financial liability. *Id.* at 837.

Our decision ultimately turned upon the narrow issue of what constitutes a community-based provider, as defined in subsection 8, and whether that treatment facility satisfied the definition. *Id.* at 835. We found that particular facility did not satisfy the proper criteria, and therefore subsection 8 did not apply to the parents. *Id.* at 837–38. Accordingly, the parents' settlement transferred to Washington County after one year, as did the child's, under operation of subsection 3. *Id.* If the services received were found to be community-based, however, subsection 8 would have prevented the parents from obtaining settlement in Washington County and thus Tama County would have been the proper county of settlement. *Id.* at 837.

As our decision in *Washington* indicates, given the derivative nature of a minor's settlement, a county cannot be held financially liable for a child's care unless by operation of subsection 3 or 4. As the district court in the instant case noted:

> While subsection 8 prevents an adult from acquiring a new settlement in a county in which he or she receives community-based services, it does not provide a mechanism for the extinguishment of a settlement already acquired. Subsection 8 cannot extinguish a legal settlement acquired during minority under subsections 3 and 4 of the statute.

We reiterated the purpose behind legal settlement when we stated: "The concept of legal settlement attempts to assess expenses and responsibilities to the county which received the benefits of the individual's residence prior to the need for assistance." *Washington County,* 555 N.W.2d at 837

(quoting *Cass County,* 522 N.W.2d at 617–18). Martha Shaw is a resident of Johnson County, and Johnson County, not Linn County, has received the benefit of her presence there. Furthermore, Johnson County is not being "penalized," as it claims, for establishing community-based treatment. Rather, Johnson County bears financial responsibility for K.R.'s care because of the settlement of her guardian, not because she is in a community-based treatment center.

Had K.R. maintained settlement in Linn County (e.g. Martha Shaw had settlement there or K.R.'s natural parents retained custody), then Johnson County would not be financially responsible for her care. But in the instant case, by operation of subsections 3 and 4, K.R. has legal settlement in Johnson County, a fact that pre-empts the settlement ramifications of her placement with Systems Unlimited.

The district court was correct in determining that, as a matter of law, Johnson County was K.R.'s county of legal settlement by operation of sections 252.16(3) and 252.16(4). Its decision is affirmed.

**AFFIRMED.**